Parker, J.,
thought it an unnecessary provision of the law that writs of replevin should be endorsed, in addition to the ample bonds required to be given to the sheriff, to secure to the defendant his eventual damages and costs. But the statute was express that all original writs should be endorsed. It was impossible to get over it. There was no place for argument or construction, where a statute was so intelligible and so positive. It was his opinion that the writ must abate.
Sedgwick, J.,
said he had no doubt upon the question; and he was always happy when he found the rule of law plain, and its language so decisive as not to permit him to doubt The statute in positive terms requires all original writs to be endorsed. In this case, the necessity of an endorser is indeed far from apparent. But whether we can discern the reason of a legislative act or not, we are still bound by it.
It is said that the statute prescribing the form of this writ of replevin, is posterior in date to that which requires original writs to be endorsed. But the words of the latter statute are general and positive, including all original writs. Writs of replevin [ * 201 ] are undoubtedly original writs, and were * well known at the date of the statute requiring endorsements, to issue out of the Court of Common Pleas. I see no difference, as to the point under consideration, between them and other original writs, think the writ must be abated.
*173 Parsons, C. J.
I do not see any benefit accruing to the defendant, from requiring writs of replevin to be endorsed. The replevin bond, which must be executed by the plaintiff, with sufficient suretj or sureties, is conditioned, among other things, to pay the defendant the costs he shall recover; and to secure to him his costa by a cumulative remedy, does not appear necessary. But the statute expressly requires all original writs to be endorsed, or they may be abated. A writ of replevin is, without question, an original writ. It must therefore be endorsed.

Writ abated

After this decision, the defendant’s counsel moved for a return. The Court, after taking time to consider the motion, refused to grant it. They observed that as the defendant had neither avowed, nor made conusance, nor made any plea or suggestion on record to entitle him to the possession of the goods, he could not have a return, and they gave judgment only for

Costs for the defendant.