# SUPREME JUDICIAL COURT,

IN THE

## COUNTY OF MIDDLESEX, OCTOBER TERM, 1809, AT CAMBRIDGE.

————◆————

PRESENT:

Hon. THEOPHILUS PARSONS, Chief Justice.
Hon. SAMUEL SEWALL, ⎰
Hon. GEORGE THATCHER, ⎬ Justices.
Hon. ISAAC PARKER, ⎱

————◆————

John Holmes, Plaintiff in Error, *versus* Hezekiah Wood.

The action of *replevin* is not within the statute of 1783, c. 42, § 7, which authorizes a defendant, in actions triable before a justice of the peace, to give a special justification or excuse in evidence under the general issue; but the pleadings, verdict, and judgment, must pursue the rules of the common law.

THE writ of error in this case issued to the Court of Common Pleas for this county, to remove the record of a judgment rendered there in favor of the defendant in error, upon an appeal made by the plaintiff in error, from a judgment given against him by a justice of the peace.

The original suit was replevin of cattle by a writ issued by the justice, who, on issue joined before him, gave judgment, that *Wood*, the original defendant, recover against *Holmes*, the original plaintiff, one dollar damages and costs. From that judgment *Holmes* ap-

7

pealed to the Common Pleas ; and there *Wood,* waiving his plea before the justice, came and defended, &c., and reserving liberty to give any special matter in evidence under the general issue, pleaded *non cepit* to the country, which was joined by the [ * 2 ] *plaintiff *Holmes,* and tried by a jury, who found that *Wood,* the defendant, took the cattle damage-feasant in his field, and rightfully, and assessed his damages at two dollars. Upon this verdict, the Common Pleas rendered judgment, that the defendant, *Wood,* recover against the plaintiff, *Holmes,* the sum of two dollars damage and costs of suit.

The writ of error was sued to reverse this judgment, and, among other errors, the general error was assigned. The defendant in error appeared and pleaded *in nullo est erratum.* — No argument was had.

PARSONS, C. J    At common law, this judgment is undoubtedly erroneous, as the issue in fact, which was joined and tried, was found against the defendant, for whom, notwithstanding, the court below gave judgment for the damages, but not for a return of the cattle.

By the statute of 1783, *c.* 42, $ 7, it is enacted, that in all civil actions triable before a justice of the peace, except in trespass where the title to real estate may come in question, the defendant shall be entitled to all evidence under the general issue, which he might by law avail himself of under a special plea in excuse or justification. And it may be truly said, that replevin is a civil action, in which the general issue is *non cepit,* and that the cattle being damage-feasant when taken, is a legal justification of the caption.

After full consideration, we are satisfied, that, on a reasonable construction of this statute, the judgment cannot be supported. It is not the intention of the statute to alter the common law as to the form of the verdict. If the issue joined be material, the verdict ought to find the issue either for or against the party tendering it, and on the verdict, as found, must the judgment be rendered. But the intention of the statute is to authorize the defendant to produce evidence to maintain the general issue on his part, which was inadmissible under that issue at common law. Thus, in trespass for an assault and battery, sued before a justice of the peace, on [ * 3 ]     the general issue, the defendant may *give in evidence a special justification, and if it be sufficiently proved, the issue is maintained on his part ; and the justice, or the jury, on an appeal to the Common Pleas, should find him not guilty. And if replevin be within this section of the statute, the defendant, on his proving his justification, would have been entitled to a verdict of *non cepit.* But the jury have found that he did take the cattle

which, by his plea, he had denied; and on this verdict he cannot have judgment.

We are, however, satisfied that replevin is not a civil action, within a reasonable construction of this section. Cases within the section must be those, where a verdict finding the general issue, and a judgment on the verdict, will do justice to the parties. Now, in replevin, if the defendant has a legal justification or excuse for taking the chattels, his defence is directly repugnant to a denial of the taking; for he admits the caption complained of, and claims a return to him of the chattels replevied, with his damages. But on the plea of *non cepit*, he cannot have a return, nor damages, if the issue joined on that plea be found for him. Such, therefore, is the legal effect of this plea, that if the defendant has a good justification, he cannot have justice, if he plead the general issue. And in this action, where the defendant claimed damages for the injury done him by the plaintiff's cattle, had the verdict found the issue in favor of the defendant, no damages could have been assessed for him upon his plea of *non cepit*, and he would have been remediless. The action of replevin is not therefore within this section; but the pleadings, the verdict, and the judgment, must pursue the rules of the common law. (1)

*Judgment reversed.*

(1) [The section of the act to which this decision gives a construction, is an instance of that careless and slovenly legislation too frequent in our government. But the intent of the act was plainly expressed; that is, that the defendant should be allowed to set up and avail himself of any defence under the general issue, whatever might be the form of that issue, or the nature of the defence, without any regard to the rules of special pleading. In such case, the verdict and judgment should conform to the matters in dispute, and the proofs, under whatever formulary the trial might be had. The object of the act would thus be attained, and injustice avoided, without giving to it a judicial construction, which, obviously, was not intended by the legislature, or adopting rules of construction tending to introduce doubt and uncertainty into our statutory law. — ED.]

[ * 4 ]

## * BENJAMIN JARVIS, Plaintiff in Error, *versus* JOSHUA BLANCHARD.

A judgment of the Court of Common Pleas, rendered upon the default of the defendant, is valid, although it does not appear explicitly that the Court inquired into the damages.

A writ of error does not lie, where the party aggrieved is entitled to a remedy by appeal.

Where the Court quash a writ of error, as having improvidently issued, they do not award costs to the defendant in error.