The opinion of the Court was afterwards delivered by
Parker C. J.
It is objected, first, that under the issue joined the defendant ought not to have been allowed to give evidence which he might have given in case he had set forth his title in an avowry ; and that he could not contest the conveyance to the plaintiff on the ground of fraud, because it did not appear in the pleadings that he was a creditor, or that in *367 virtue of his office he was acting for creditors. The pleadings are conformable to the practice in this State for the last thirty-years, in cases where replevins have been prosecuted against officers, who had made an attachment of the goods replevied. Before that time, it is believed that the practice of setting forth a special title to the possession of the goods, in the form of an avowry, was more prevalent. As the present practice is convenient, and deprives the plaintiff in replevin of no advantage, be being always presumed to know, where he sues his replevin against an officer, that the goods are attached, we should hesitate much before we overruled it, even if we could not trace it to any strictly legal source. But we are without doubt that the practice is well founded in law, and is strictly conformable to the principles of good pleading in actions of replevin.[1]
By the common law, property in a stranger may be pleaded in bar or abatement; and the reason is, that the object of the writ is to give the possession of the chattels to him who claims to have the right ; if he fail to make out his title, the possession ought to be restored to him from whom by process of law it was taken ; and it is wholly immaterial whether the defendant has any title or not, provided the plaintiff has none for the defendant is entitled to the possession, being answerable for the chattel to the true owner. Nor is it necessary there should be an avowry, in order that there may be a judgment for return ; for if it appears that the property is not in the plaintiff, the law will restore the chattel to him who had the possession.
When the writ is abated for some matter of form, it has been held that there shall be no judgment of return, unless there is on the record a suggestion of the defendant’s right and a prayer for a return ; this is because, though the writ may fail on account of form, the right may nevertheless be in the plaintiff; and the court will have some sufficient reason on record for a change of the possession again before they will order it. But in case of a plea in abatement, that the property is in a stranger, a return will be awarded without any avowry or suggestion, because the finding the issue against the plaintiff proves that he had no right to disturb the possession of the defendant. Salkeld v. Skelton, Cro. Jac. 519. See Presgrave v. Saun *368 ders, 1 Salk. 5, (S. C. Ld. Raym. 984,) to the same point: m which the court say, in answer to the objection that property in a stranger can be pleaded only in abatement, “ It has been adjudged otherwise, and the law is otherwise, for it utterly destroys the plaintiff’s action ; and whether a defendant or a stranger have the property, it is all one to the plaintiff, since he has it not.” The form of pleading, therefore, is correct, and it has been adopted instead of the old mode of pleading by avowry, on account of its simplicity and convenience.
It has been sometimes the practice for the defendant to suggest on the record the facts which entitle him to possession, that he may have a return ; but this cannot be necessary where the property is found against the plaintiff, as the above cited cases show. In Gould v. Barnard, 3 Mass. Rep. 199, where a writ of replevin was abated because it was not indorsed, the Court refused to award a return, because there was no avowry or suggestion ; but this must have been because the writ failed in a point of form, and the defendant being unable to show any right, the Court would not change the actual possession. In a case like the present, where there is a nonsuit upon the merits, the effect must be the same as if the plaintiff had demurred to the plea in bar, or there had been a verdict against the plaintiff upon the issue ; in both which cases, as it would legally appear that the plaintiff had no property, a return would be awarded.
The question then is, whether the defendant was properly let In to contest the property of the plaintiff on the ground that the conveyance was fraudulent, it not appearing on the recora that he was a creditor, or that he had a lawful right to act for a creditor ; or in other words, whether it was necessary for an attaching officer to set forth his authority in an avowry, in order- to be entitled to a defence, when the property attached has been taken out of his hands by replevin.
Here again the practice has been general for many years. It is much more usual to try the validity of conveyances under the issue of property in the plaintiff, than in the more complex way of avowry. The latter is seldom resorted to, unless it be to gain some advantage in pleading ; and there is no necessity for it; for the plaintiff undertakes to prove the chattels taken to *369 be his property, and must be supposed to come prepared to maintain it against creditors as well as others. If he has taken a conveyance to defeat creditors, he cannot be surprised with evidence tending to show the fact; and the statement of the defendant’s official right in a plea cannot be necessary to enable him to be ready to maintain his property. When he proves a conveyance from the debtor, the party contending with him may well show in evidence his right to contest it. If he had brought trespass instead of replevin, it has never been disputed that, on the general issue, a defendant may, by showing that he is a creditor, be let in to contest his title on the ground of fraud ; this is done every day, and there is no reason for a different rule in replevin. Indeed, there seems to be no reason why a sheriff, if he is sued, may not plead property in himself, and prove it by showing his special property under an attachment.
Whether, upon the facts in the case, the nonsuit was rightly ordered, is the remaining question: and it having been admitted at the trial, that the conveyance was not intended to pass the property to the plaintiff, but to enable him to hold it, in order that a settlement with the creditors of A. H. Quincy might be effected, —there being no covenant or obligation on the part of the plaintiff, to oblige him to appropriate the property to this purpose, — no final agreement having been made by any of the creditors, and some of them not having assented at all to the transaction, — the plaintiff himself not having finally agreed to keep or dispose of the property for the purposes intended, — we are all of opinion that the nonsuit ought to stand. The conveyance was made to prevent creditors from attaching, and although this may be done by a proper instrument expressing truly the intention, and completed by the creditors becoming a party to it, to allow this loose mode of carrying into effect such an intention would be to enable every debtor to make a bankrupt law for himself upon his own terms. See Widgery v. Haskell, 5 Mass. Rep. 152.[1]
Motion to take off the nonsuit overruled, and judgment for a return.

 See Gates v. Gates, 15 Mass. R. 310.

 Notwithstanding an assignment by an insolvent debtor, in trust for all his *370 creditors, provides that the debts shall be paid pro raid, and no release or othe» benefit is stipulated for, on behalf of the debtor, the assent of the creditors tu the assignment will not be presumed. Russell v. Woodward, 10 Pick. 408 Contra, Hasley v. Whitney, 4 Mason, 206. See, also, Wheeler v. Sumner, 4 M a son, 183; Ward v. Lewis, 4 Pick. 518 ; New England Bank v. Lewis, 8 Pick 113; Smith v. Kemper, 4 Martin’s Louisiana R. 409.