OPINION OF THE COURT — by the
Hon. J. R. NICHOLSON.
This was an action of assumpsit, brought by Richard Bates, the defendant in error, against the plaintiff in error, founded on a promissory note dated the 19th of October, 1S29, and payable on or before the first day of May next following, for ten cows and calves of second quality. To which the general issue was pleaded, with an agreement by counsel, that any legal special matter might be given in evidence; after the plaintiff read the note to the jury, the defendant called Jane Bates and proved by her-that sometime in the winter, before the note fell due, the defendant and plaintiff were both at the house of witness, at which time and place she heard the defendant say to the plaintiff, that he was then ready to deliver the ten cows and calves named in the note that the plaintiff had on him; that plaintiff replied, the note was not due, and that he would not receive them until it became due; that defendant said the note was payable on or before the first day of May, and that he was then ready to discharge said note; witness further stated, that defendant had in the place where they were, cows and calves enough to discharge his obligation. The defendant further proved by a Mr. Moore, that on the first day of May, when the note fell due, he was called on by defendant to walk to bis lot, and was informed by defendant, that the cows and calves which *402 witness saw in his lot, amounting to eleven, he, the defendant had drives up to discharge a note that plaintiff held on him on that day.
The question which the court is called on to decide in this case, is,, whether agreeably to the foregoing statement of facts, this was a good tender in contemplation of law. The general rule is, that if no place- be appointed for payment or performance, a fender to the pei’son is good:' but was there any tender in this case ?
The witness states that the defendant told plaintiff he was then ready to discharge his note; and that the defendant had cows and calves sufficient on the place where they were to have done so, but the defendant did not designate the cows and calves,- he merely said he was ready to discharge his note. It is laid down in the case of Newton vs. Golbraith, 5, John. rep. 119, thatthe declaration of the defendant, that he had hay in his barn, or in stock for the plaintiff, without ascertaining the amount and value, was not sufficient. It is also stated in the case of Hingland vs. Morse, and others; 8th John. rep. 474, that a legal tender and refusal are a complete bar to the suit on the contract; and the plaintiff must resort to the person in whose possession the goods are, and who holds them as his bailee and at his, risk.— In order, therefore, to make a legal tender in property, the articles ought to be specifically pointed out, they ought to be clearly ascertained in point of identity, that the plaintiff wight be able to prove them, should he be driven to an action for them. We are of opinion from the facts above stated, that the cows and calves were not sufficiently identified, nor their quality ascertained, to make it a good tender. It is therefore the opinion of the court, that the judgment of the. court below be affirmed.
All the judges concured.