## John K. Simpson *versus* Amasa M'Farland.

In replevin, the plea of *non cepit*, although it admits the property to be in the plaintiff, may nevertheless be joined with a plea of property in the defendant or another person.

Certain chattels which had been transferred by the defendant to the plaintiff by a deed of mortgage not duly recorded, were attached by an officer on a writ against the defendant in favor of one of his creditors. In replevin for the chattels, brought by the plaintiff against the defendant, it was *held*, that the plaintiff was not entitled to judgment, because there was no wrongful taking or detention by the defendant, but that the defendant was not entitled to a return, because, as against him, the plaintiff had a right to the chattels, although the mortgage was not recorded, and the defendant was not accountable for them to the officer or the creditor.

REPLEVIN for articles of household furniture. The writ bears date of March 15th, 1834.

The defendant pleads *non cepit* ; upon which issue is joined

Under this issue, the plaintiff produced in evidence a deed of mortgage, dated November 13th, 1832, and recorded in the

Simpson
*v.*
M'Farland.

city clerk's office in Boston on December 3d, 1832, and in the town clerk's office in Cambridge on July 29th, 1833, by which deed the defendant conveyed to the plaintiff the articles of furniture named in the writ, to secure the payment of $667·53, in four semi-annual payments. The plaintiff then introduced as a witness one Stocker; who testified, that a day or two prior to the date of the writ, he went, by the plaintiff's direction, to Cambridge, where the defendant then lived, and demanded the property described in the mortgage, and the defendant thereupon pointed out to him all the articles named in the writ, except a few pieces of crockery ware which had been broken, and made no objection to the plaintiff's taking possession of the property; but the witness was prevented from taking possession, by one Richardson, who was present. The plaintiff also read in evidence a letter, dated the 11th of November, 1834, written by the defendant to the plaintiff, in which he says that he shall make no defence in this suit, but that he does not restrict his bail from doing as he shall think best.

2. The defendant also pleads, that on the 26th of July, 1833, he was possessed of the goods and owned them; that on that day, one Livermore caused them to be attached by one Edwards, a deputy sheriff, in a suit against this defendant; that Livermore obtained judgment at March term, 1834, of the Common Pleas in this county, for $401·60, which judgment is still in full force and unsatisfied, and these goods, at the time of the commencement of the present action, were held by Edwards, in virtue of his attachment. The plaintiff, in his replication, alleges that the goods were, on the 26th of July, 1833, and ever since have been, his property, and traverses the defendant's allegation that on that day they belonged to the defendant; and issue is joined upon this traverse.

3. The defendant's third plea is like the second, substantially, except that it states that the goods were in the custody of Richardson as the servant of Edwards, having been delivered by Edwards to Richardson to be kept by virtue of the attachment. The replication and issue on this plea are similar to those on the second.

4. In the fourth plea the defendant says, that the goods, at

the time of the supposed taking, were the property of Richardson, traversing that they were the property of the plaintiff. The plaintiff, in his replication, reaffirms that the goods were his property, and issue is taken thereon.

The plaintiff relied upon the mortgage to support these three last issues, on his part. The defendant proved that he lived in Cambridge on the 3d of December, 1832, the time when his mortgage was recorded in Boston, and continued to live there until the commencement of this suit. It also appeared, that on the 12th of August, 1833, while the goods were held by Edwards under the attachment, he appointed Richardson keeper of them, and Richardson, by a writing under his hand and seal, of that date, " promised to keep said goods safely, at his risk and expense, and redeliver the same to said Edwards, &c. on demand, and in failure thereof, promised to indemnify said Edwards," &c. On the same day Richardson appointed H. Corbet and J. Adams keepers of the goods, under him. The goods remained in the house in Cambridge occupied by the defendant, and were used by him after, as they had been before the attachment, until they were taken by the plaintiff on his writ of replevin. The defendant gave up the lease which he had of the house before the attachment, from Richardson the owner, who then made an oral lease to Corbet.

*Morton* J., before whom the cause was tried, being of opinion that the plaintiff was not entitled to recover, a nonsuit was entered, subject to the opinion of the whole Court.

*Farley* and *Buttrick*, for the plaintiff.

*Mellen*, *contrà*, cited to the point, that the defendant was entitled to a return, *Quincy* v. *Hall*, 1 Pick. 357 ; 1 Wms's Saund. 195 *c*, note.

MORTON J. delivered the opinion of the Court. The case was substantially tried on the plea of *non cepit*. And we are clear in the opinion, that there was not evidence enough to support the action on this plea. The plaintiff, to maintain this issue on his part, must prove either an *unlawful taking* or an *unlawful detention*. *Badger* v. *Phinney*, 15 Mass. R. 359 ; *Baker* v. *Fales*, 16 Mass. R. 147 ; *Marston* v. *Baldwin*, 17 Mass. R. 606.

It is not pretended that the defendant *wrongfully took* the

*Jan.* 20th
1836, *at*
*Boston.*

*Jan.* 21st,
1837, *at*
*Boston.*

goods from the plaintiff. The plaintiff had formerly sold and delivered them to the defendant, and never afterwards, and before the service of this writ, had or claimed possession. Nor is there any better ground for maintaining that the defendant *wrongfully obtained* them. He showed them to the plaintiff, and made no objection to his taking them. They had been attached at the suit of a creditor of the defendant; the legal possession was in Edwards, the officer; and the actual custody in his servant Richardson, the receipter.

The letter which the plaintiff relies upon cannot avail him If it contained a clear confession of the defendant, which it does not, it would not control the facts fully proved by the testimony of the plaintiff's own unquestioned witness. It is very manifest that here was neither a *taking* nor a *detention*; and the nonsuit must therefore stand.

But now arises the more difficult question, whether the defendant is entitled to a return. The plea of *non cepit* admits the property to be in the plaintiff; and, of course, on that plea the defendant cannot have judgment for a return. "On the plea of *non cepit* he cannot have a return." *Holmes* v. *Wood*, 6 Mass. R. 1; 1 Wms's Saund. 347, note 1. In England, the defendant can never have a return, unless he plead property in himself or another, or make avowry or conusance. *Wildman* v. *North*, 2 Lev. 92; *Butcher* v. *Porter*, 1 Salk. 94; Pul. N. P. 54. But in this State we have relaxed the strictness of the English form of pleading in replevin, as well as in other cases. And avowries are less frequently resorted to now than formerly. *Quincy* v. *Hall*, 1 Pick. 361. But the general principle is the same here and in England. Whenever upon the pleadings it appears that the defendant is entitled to a return, he will have judgment for it; otherwise he will not. Thus on a plea in abatement, when the defendant prevails, but no facts are stated in the plea or suggested on the record, showing that he has a right to the possession, he cannot have a return. *Gould* v. *Barnard*, 3 Mass. R. 199. But if the plea in abatement shows that the plaintiff is not entitled to hold possession, the court, in rendering judgment, will award a return. Thus when the defendant, in his plea, alleges property in himself or a stranger, he is entitled to be restored to the posses-

sion, either because the property is in him or because he is accountable for it to the true owner. *Salkold* v. *Skelton*, Cro. Jac. 519; *Presgrave* v. *Saunders*, 2 Ld. Raym. 984. And although it may appear that at the time to which the pleas must refer, viz. that of the service of the replevin, the property was in the defendant, and he was then entitled to the possession, yet if it also appear that by subsequent events and before the rendition of judgment, his right has ceased, he cannot have judgment for a return. Buller (N. P. 54) referring to Danville, 652, says, "where by matter subsequent he is not to have the thing for which the distress was taken, there he will not be entitled to a return." And in *Wheeler* v. *Train*, 4 Pick. 168, where it appeared at the time of the trial that the plaintiff was not entitled to recover because the chattels were under lease, and the lessee's interest had been attached by the defendant, but before judgment was rendered the plaintiff became entitled to the possession by the expiration of the lease, the Court rendered judgment for the defendant, but refused to award a return. It would have been not only useless, but unjust, to have restored the chattels to the defendant, as the plaintiff might have recovered them back immediately, the attachable interest of the lessee having expired.

We have already shown, that on the plea of *non cepit* the defendant is not entitled to a return. If he can claim it at all, it must be upon some of his special pleas. This renders it necessary briefly to examine them.

In the first special plea, the defendant alleges that the goods were his property, that Edwards, a deputy sheriff, attached them at the suit of one of his creditors, who recovered a judgment which had not been satisfied, and that the goods were held by Edwards by virtue of the attachment.

The second special plea is the same as the first, except that instead of alleging that the goods were held by Edwards, it alleges that they "were in the custody and keeping of one Richardson as the servant of said Edwards, and to whom said goods had been delivered by said Edwards to be kept, in and by virtue of said attachment."

The third special plea alleges, that the property was in Richardson, and not in the plaintiff.

Simpson
v.
M'Farland.

To all these pleas, the plaintiff, denying that the property and possession are as stated, reaffirms that the property is in himself; upon which issue is joined.

The first question which has been raised and argued upon these pleadings is, whether they are not so inconsistent and repugnant as by the rules of double pleading to be inadmissible. There certainly seems to be some absurdity in trying, in the same case, pleas so contradictory and irreconcileable as some of these seem to be. For if the defendant never took the goods, what does it matter whose they are ? He certainly cannot claim to have the possession of them. But it is not easy to say how far in inconsistency double pleas may go, or what pleas which may be tried by the same forum, may be deemed so repugnant as not to be allowed to be pleaded together. In Comyns's Digest, *Pleader*, *E 2*, many instances of double pleading are cited where the pleas are quite as inconsistent as these. And it is there said, and also in Barnes, 364, that in replevin, *non cepit*, property in another, and *liberum tenementum* are allowed. This seems to support this mode of pleading. But if the special pleas are admissible, and we are inclined to think they are, they will not change the aspect of the case.

Although the facts are not brought before us and spread on the record, by a special verdict, as in *Wheeler* v. *Train*, yet we have them in a form not less authentic. Facts reported by the judge who tried the cause, are not of less verity or less within our cognizance, for many purposes, than if they were brought before us by a special plea or verdict. From the report in this case, it is perfectly clear that the plaintiff cannot support his action, and not less clear that the defendant has no right to the possession of the goods.

As against the defendant the plaintiff manifestly had a right to the possession. His mortgage, though by reason of its not having been recorded in the town where the mortgager resided, it would not avail him against a *bonâ fide* sale by the mortgager or an attachment by a creditor of the mortgager, yet, as between the parties, was valid. *St.* 1832, *c* 15″ See also Revised Stat. *c*. 74, § 5. The condition was broken ; the plaintiff had a right to take possession under it, and of this the defendant could not complain. There is no ground upon which

the Court could *restore*, or, more correctly speaking, *transfer* the goods to the defendant. He is not entitled to possession as general owner, against the mortgagee ; he has no special property in them ; and he stands in no such relation to the officer or creditor, as to render him accountable to either of them.

Furthermore, should we award a return, it would not exempt the plaintiff from his liability to Edwards. The writ of replevin would not justify the plaintiff in taking the goods from Edwards, who had the legal possession and the actual custody, by his servant. This was a trespass, for which he will be liable, whether we order a return or not.

But if we disregard the facts reported, and look only to the pleadings, the defendant's claim of a return cannot be supported. The plea of property in the receipter most obviously must fail ; for he had neither property nor possession. *Commonwealth* v. *Morse*, 14 Mass. R. 217. The two other special pleas, after setting forth by way of inducement, a general property in the defendant, allege a special property in Edwards. The evidence would undoubtedly support these issues on the part of the defendant ; for the mortgage was of no avail against this attachment. At the time to which the pleas refer, the time the goods were replevied, the officer had a lien upon them which entitled him to hold possession. But the pleas also show facts from which it appears, that, at the trial, the attachment was dissolved by lapse of time. So that though the officer might seize the goods on an execution, if he had one, and could find them, yet he could not hold them by virtue of his original attachment. Therefore, by the authority of *Wheeler* v. *Train*, upon the facts shown in the pleas, there is no ground for a return.

We feel the greater satisfaction in following out the legal principles to this result, because it makes the nearest practical approximation to exact justice between the parties. While the plaintiff should have the greatest benefit which he can derive from his mortgage, without infringing the rights of innocent parties, the consequences of his own negligence should fall on himself, rather than on the more careful and vigilant creditors, who attached the goods before his mortgage was legally recorded. And while he will hold the property, he will be liable

Simpson
*v.*
M'Farland

Simpson
*v.*
M·Farland.

to a suit by the attaching officer, in which the measure of damages will be the amount of the creditor's claim, leaving the balance to pay the plaintiff's demand as far as it will go.  *Boyden v. Moore*, 11 Pick. 362.

*Judgment for defendant for costs, but no return.*