JOEL VICKERY *versus* WILLIAM SHERBURNE.

In replevin, before a justice of the peace, under the plea of *non cepit*, the taking only is in issue. .

If the defendant would avail himself of any other defence it should be by special plea or brief statement.

EXCEPTIONS from the District Court, ALLEN J. presiding.

This was an action of replevin, returnable before the Municipal Court for the city of Bangor, for certain juniper knees. The defendant pleaded the general issue. Judgment was rendered in his favor, from which the plaintiff appealed.

On the trial in the District Court, before ALLEN J. the defendant offered to show that the property replevied was in one Samuel Sherburne, under whose authority he justified the taking, but the Court refused to admit the evidence and instructed the jury that the defendant under this issue, which

merely denied the taking, could not dispute the ownership, and that the only question for their consideration was, whether the defendant did take and detain the property in question as alleged in the plaintiff's writ. The jury returned a verdict in favor of the plaintiff.

*J. A. & H. V. Poor*, for the defendant. The question to be determined is the construction of St. 1831, c. 514. By St. 1821, c. 76, § 12, the general issue was to be pleaded as all civil cases before justices of the peace, and special matter might be given in evidence under it. In *Holmes* v. *Wood*, 6 Mass. R. 3, it was decided that replevin was not within the statute; and that only the taking was put in issue by that plea. By the statute, c. 514, the general issue is required to be pleaded in all cases, and being required by virtue of the provisions of the statute, it is no admission of any fact contested. The language of that statute is general and embraces replevin. Under this last statute none of the consequences can arise, which led to the decision of the Court in 6 Mass. R. 3. Unless this last statute embraces replevin, then special pleading is to be considered as abolished in all cases but one; and that by judicial construction, when the statute includes all cases.

*McCrillis*, for the plaintiff. By the common law, under the plea of *non cepit* in replevin, the only question to be determined is the taking. The statute of this State, c. 76, § 12, is a transcript of that of Massachusetts passed in 1783, c. 42, § 7, and should receive the same construction. In *Holmes* v. *Wood*, 6 Mass. R. 3, it was settled that replevin is not a civil action, within the provisions of that statute. By adopting that statute, the legislature may be presumed to have adopted the judicial construction of their Courts. *Bailey* v. *Rogers & al.* 1 Greenl. 186; *Gibson* v. *Waterhouse*, 5 Greenl. 19; *Marble* v. *Snow*, 14 Maine R. 195. By St. 1831, c. 514, the filing of a brief statement is to take the place of a special plea under the previous statute, but as neither has been done in this case, the evidence was properly rejected.

That the last statute must be considered as repealing the former, so far as to abolish all special pleading, on a fair con-

struction of its meaning and import would seem to be establish-
ed by the following authorities. *Williams College* v. *Mallett*,
16 Maine R. 84; *Penobscot Boom* v. *Lamson*, 16 Maine R.
223; *Gordon* v. *Paine*, 2 Fairf. 213; *Potter* v. *Titcomb*, 2
Fairf. 157; *Potter* v. *Titcomb*, 13 Maine R. 36.

If then the general issue is to be pleaded by the imperative
provisions of the statute, it should not be considered as an ad-
mission of any fact; and under the general issue, which is thus
required, the evidence offered should not have been received.

By THE COURT. As the question here raised may be one of
frequent occurrence in practice, it may be desirable that the
views of the Court on this point should be known. This
was an action of replevin before the Municipal Court for the
city of Bangor. The general issue was there pleaded, and
judgment being rendered in that Court in favor of the defend-
ant, an appeal was taken. At the trial in the District Court,
the defendant intending to avail himself of a license, offered
to prove the property replevied, to be in one Samuel Sher-
burne. The error on his part was, that he had not resorted to
a brief statement in the Municipal Court, in which event the
evidence would have been admissible. According to former
decisions, the ruling of the Court below was correct. It has
been settled by decisions in Massachusetts, by their Court, in
the construction of a statute similar in its language to our own
(St. 1821, c. 76, § 12) in the case of *Holmes* v. *Wood*, 6
Mass. R. 3, that under the plea of *non cepit*, the taking only
can be controverted. That construction must be followed here.
The defendant having filed no special plea, the evidence offer-
ed was inadmissible by virtue of St. c. 76, § 12. He can de-
rive no aid from the provisions of St. 1831, c. 514, by which
special pleading was abolished, inasmuch as having neglected
to file the brief statement required by that act, he has not
brought himself within its provisions. It is not necessary to
determine in this case whether the latter repeals the former
statute and we leave that point undetermined.