## HILL vs. BLOOMER.

1. REPLEVIN — JUDGMENT FOR RETURN. If a writ of replevin be abated or quashed on the plea or motion of the defendant, he cannot at common law have judgment for a return of the property unless he makes an avowry, conusance, plea or suggestion showing him entitled to it, and in the absence of any such suggestion he is entitled to a judgment for costs only.

2. JUDGMENT IN ABATEMENT. A judgment in abatement in an action of replevin, or an order quashing the writ and dismissing the proceedings, is not a judgment of discontinuance or nonsuit within the meaning of the statute (Terr. Stat. 275, § 30), so as to entitle the defendant to a return of the property replevied and damages, or a judgment for the value thereof and damages, in case a return is waived.

3. ASSESSMENT OF DAMAGES — WRIT OF INQUIRY. Damages in ordinary cases may be assessed in term time in open court by a jury called from the regular panel, without a writ of inquiry being issued, but under the statute in actions of replevin, a writ of inquiry must be actually issued.

4. CHALLENGES TO JURORS. It is not error, upon an assessment of damages in open court, to allow to either party three peremptory challenges to jurors.

ERROR to the District Court for *Dane* County.

Action of replevin commenced in the district court for Brown county, by *Hill* against *Bloomer*, October 12, 1840, for 330,000 feet of pine lumber and 900 bushels of potatoes. At the May term, 1841, under the law attaching Portage county to Dane county for judicial purposes, the cause was removed to the district court for Dane county. At the October term, 1841, of the Dane county district court,

the defendant moved the court to quash the writ and dismiss proceedings for several reasons, which motion was sustained and interlocutory judgment rendered that the defendant recover the value of the property replevied, and damages for the taking and detention thereof, with costs (the defendant having waived a judgment that the property be returned), and that a writ of inquiry issue, etc. The property replevied, as appeared from the return of the officer, was 320,000 feet of pine lumber and 650 bushels of potatoes. The value of the property, and damages for the detention thereof, were ascertained in the manner stated in the opinion of the court, the total sum found for the defendant being $6,231.14. The plaintiff moved to set the finding aside, but the motion was denied, and judgment was rendered in favor of the defendant and against the plaintiff for the amount of the verdict and costs.

*John Catlin* and *J. E. Arnold*, for plaintiff in error.    1. The court erred in rendering judgment for the defendant for the value of his property and damages and the awarding a writ of inquiry, because there had been no judgment of nonsuit or discontinuance within the meaning of the statute. Stat. Wis. 275, § 30. At common law, no judgment for a return, etc., could be rendered except upon some claim of property, and the defendant succeeding on the plea of *non cepit* could not have a judgment of return, etc.   12 Wend. 30, 286 ; 4 id. 217 ; 3 Mass. 199 ; 2 Wheat. Sel. 367. And if after declaration there be judgment of nonsuit, there can be no return, unless there is a claim of property in defendant. Gilb. on Replevin, 169.   As to whether the judgment was one of discontinuance or nonsuit, they cited Graham's Pr. 901. 2. No writ of inquiry was served upon the jury finding the inquest, but they were called from the regular panel attending the term.   Graham's Pr. 795 ; 1 Wheat. 216 ; 1 Dall. 353 ; 3 Johns. 154 ; 2 id. 70 ; 13 Wend. 658.   Under the statute, a writ should have been issued.   Stat. Wis., Replevin Act, §§ 25, 30, 32 and 36.   3.

The court ought not to have allowed the defendant three peremptory challenges of jurors called. Graham's Pr. 795 ; 2 Johns. 70 ; 3 Salk. 81 ; 15 Johns. 178.

*F. J. Dunn* and *Edward V. Whiton*, for defendant in error. 1. The plaintiff, in order to recover his property, instituted the action and could only recover by conformity to the law. This he did not do, and he has not shown himself entitled to judgment. While the defendant did not, in a technical sense, put in a plea of property in himself, still the motion which he filed was as a plea for that purpose, and by the law he was entitled to judgment for a return of the property, and under the thirty-first section Wisconsin Statutes, 275, the judgment in this respect is correct. 12 Wend. 132 ; 18 id. 918 ; Bull. N. P. 57 ; Gilbert on Replev. 169, 170. 2. There was a writ of inquiry originally issued, but it was unnecessary. Under our law and practice, the writ can be executed only in open court. 4 Camp. 26 ; 13 Wend. 658 ; 3 Johns. 154 ; 1 Wheat. 215 ; 3 Dall. 355. 3. The defendant was entitled and properly allowed to challenge three jurors peremptorily. He had a right to an impartial jury, and neither party could be prejudiced by allowing the challenges. 3 Salk. 81 ; 2 Johns. 194 ; 19 id. 115 ; Bull. N. P. 304.

MILLER, J. This was an action of replevin commenced by *Hill* against *Bloomer*, in the district court of Brown county, and, in pursuance of an act of assembly attaching Portage county to the county of Dane for judicial purposes, it was certified to Dane county. In the district court of Dane county the defendant appeared, by his counsel, and moved the court to quash and dismiss the writ and proceedings for various irregularities in the same, which said motion was sustained by the court. On motion of defendant, by his counsel, the court then entered a judgment against the plaintiff for the value of the property replevied, with damages for the detention thereof ; and awarded a writ of inquiry, returnable to the

next term of said court, for the purpose of ascertaining the same. The writ was issued accordingly, and was executed in open court; and on motion of the plaintiff, the assessment was set aside and a new trial awarded. At a subsequent term the case was called, the parties appeared by their counsel, and a trial was had before the court, and a jury called from the regular panel. A new writ of inquiry had not been actually issued to the sheriff, but the parties went into the investigation without this formality, and the jury made an assessment of the value of the property replevied, together with the damages for the detention thereof, on which judgment was rendered against the plaintiff by the court. To reverse the judgment this writ of error was sued out.

The errors assigned by the plaintiff in error that, under the view taken by the court of this case, are considered material or necessary to be noticed are the following:

1. The court erred in entering judgment for the value of the property, etc.

2. No writ of inquiry was served upon the jury, but they were called from the regular panel for the term.

3. The court erred in allowing the defendant three peremptory challenges of the jurors called.

It is well settled that, if a writ of replevin be abated or quashed on the plea or motion of defendant, without any suggestion entitling him to the possession of the goods, he shall have judgment for his costs, but not for a return. The writ in this case was quashed or abated, and all proceedings dismissed, on an informal motion of the defendant alone, which is considered equivalent to a plea in abatement. In such a proceeding, if positively within authority of law, it is necessary for the defendant to avow, make conusance, or make a plea or suggestion on record, to entitle him to the possession of the property, before the court could enter judgment for a return or for the value of the property, with damages. Story's Pl. 449, 450; *Gould v. Barnard,* 3 Mass. 199; Gilbert on Repl. 169. But it is contended that this judgment is

authorized by the thirtieth section of an act concerning replevin, on page 275 of the statutes, which is: "If the property specified in the writ has been delivered to the plaintiff, and the defendant recover judgment by discontinuance or nonsuit, such judgment shall be, that the defendant shall have return of the goods and chattels replevied, unless he shall elect to waive such return, pursuant to any of the provisions hereinafter contained; and, also, that he recover the damages sustained by him by reason of the detention of such goods and chattels, which damages shall be assessed by a writ of inquiry." The first proposition to be considered is, whether this judgment in abatement, or order of dismissal, is a judgment of discontinuance or nonsuit within the spirit and meaning of this section of the statute.

A discontinuance is either voluntary or involuntary: voluntary where the plaintiff withdraws his suit; involuntary, where in consequence of some technical omission, mispleading or the like, the suit is regarded as out of court; or the plaintiff omits to enter proper continuances, or the like. Graham's Pr. 603; 8 Peters Abr. 387–393. Nonsuit is either voluntary or compulsory, when a judgment, or order of a court is entered for a discontinuance of a cause, or the nonsuit of the party, it is made when the cause is supposed to be legally and properly brought, and the parties legally and properly in court. But in case of an abatement of a void or voidable writ, for illegality or irregularity, the judgment of the court is, that the writ is not sufficient to bring the defendant into court, or to entitle the plaintiff to prosecute his suit. Where a writ is adjudged to be void or voidable, the parties are not considered to have been legally in court. The court refuses to take cognizance of the cause, or to recognize the parties, as being legally upon the record. The court in such case, cannot make any other order, than to dismiss the suit at the cost of the plaintiff. No writ of inquiry can issue, or adjudication be had thereon, upon such an order or judgment,

unless authorized by statute. In this case the court decided, that the parties were not legally in court, and consequently, that the property was not legally replevied. From this, it must be apparent, that the order or judgment of the district court, dismissing the writ and proceedings, is not such a judgment by discontinuance or nonsuit, as is contemplated by the aforesaid section of the statute, and will not entitle the defendant to a judgment of return. The district court, followed, in this instance, the erroneous practice, that has inadvertently prevailed throughout the Territory, to consider an order of dismissal or judgment in abatement of a writ of replevin, equivalent to a judgment by discontinuance or nonsuit, which practice it is our duty now to correct.

The case under consideration does not present the question whether the defendant is entitled, by the thirtieth section of the aforesaid act, to a return, upon a judgment by discontinuance or nonsuit, without having first pleaded such plea as would in law entitle him to a return, and of this we give no opinion.

Although this case is now disposed of, yet the two remaining assignments of error will be considered.

The second assignment of error refers to the practice relating to the execution of a writ of inquiry of damages. The practice on this subject is various in different States, and is principally regulated by statute. In this Territory there is no statute upon the subject. For this reason a different practice has been pursued in the different districts. Damages, in ordinary cases can be assessed in term time, by a jury called from the regular panel, without a writ. The act concerning replevin requires a writ to be issued. Under this act the writ may be issued returnable in term or to the next term, and it will be proper for the sheriff to take the jury from the regular panel. There can be no reasonable objection to this, and the jurors being paid by the public, this much of the expense is thereby saved to the party. It is proper to execute this writ in open court, under the direction of the

presiding judge. This is in every respect, the better course, as the many legal points frequently raised during such examinations, can be at the time, legally disposed of; whereby the case may be submitted to the consideration of the jury, with greater certainty of the correctness of their decision. Under this practice, the parties are to be considered in court, without any previous express notice of the execution of the writ.

The court has examined the statutes in force upon the subject of drawing, empanneling and challenging of jurors, and, although the taking an inquest is not technically the trial of a cause, yet for the purpose of having a disinterested and intelligent jury, and of obtaining a just and proper decision of the facts submitted, it is considered that it is not error to allow to either party three peremptory challenges, as provided in the act upon the subject, approved January 9, 1841; and, also, the jurors may be examined under the direction of the court, according to section 26 of the act concerning grand and petit jurors. Wis. Stat. 267.

The judgment of the district court of Dane county, for the value of the property replevied, with the damages for the detention of the same, is reversed with costs.