## WISE *v.* HINE.

In an action of ejectment, the verdict of the jury should expressly name the party in whom they find the right of possession; where the jury in such an action omit in their verdict an important item of property, upon which issue was joined, and submitted to their finding, it is a substantial defect, and one that cannot be corrected by the action of the court; and it was erroneous to render judgment upon such a verdict.

The supreme court has no greater power than the district court, to alter a defective verdict.

ERROR, *to Lee District Court.*

*J. C. Hall,* for the plaintiff in error.

*C. Walker,* for the defendant.

*Opinion by* WILLIAMS, C. J.    This was an action of ejectment, instituted by Hine against Wise, to recover the possession of certain lands and appurtenances in the town of Keokuk, Lee county, and described in plaintiff's declaration as follows: "The two story dwelling, south west of the Rapids Hotel, which was occupied by the said J. H. Wise as a grocery and store; also lot ten, in block four, with the appurtenances, all in the town of Keokuk in said county," to the immediate possession and ownership of which, the plaintiff below alleged that he was entitled. The declaration also charged that the possession was withheld from him by the defendant, and claimed damages for the unlawful detention of the premises. On the trial in the court below, a verdict was rendered for the plaintiff, as follows: "We, the jury, find the right of immediate possession and ownership in the two story dwelling, southwest of the Rapids Hotel, which was occupied by the said James H. Wise as a grocery and store, in the town of Keokuk, and assess his damages for the detention thereof at the sum of one hundred dollars and eighty-seven cents."

The court thereupon entered judgment as follows: "Therefore it is considered by the court here, that the said plaintiff

Wise *v.* Hine.

be restored to his possession, and recover said property of said defendant, as well as the sum of one hundred dollars and eighty-eight cents for his damages and the costs of this suit, and that a writ of possession and writ of execution issue therefor.

This cause coming on writ of error for trial at this term, the plaintiff makes the following assignment :

1. The court erred in rendering judgment upon the finding of the jury.

2. The court erred in rendering judgment for a greater amount of damages than was assessed by the jury.

3. The court erred in awarding restitution of premises that were not described.

4. The court erred in overruling the motion to arrest the judgment below.

The first question for the consideration and decision of this court, is presented on the finding of the jury. The verdict should, in substance, respond to the issue joined between the parties to the action (1.)

Does the verdict in this case respond substantially to the issue ? It is the opinion of the court that it does not. In the first place, the finding of the jury is not in express terms for the plaintiff, nor is it indeed for any person, unless, by a resort to strict grammatical rule, it might be made a verdict in favor of the defendant, against whom the judgment is rendered. It would have been quite as much power as the court could properly exercise to remedy this difficulty, by giving form to the verdict, so as to give the benefit of it to the plaintiff in this action, without entering upon the province of the jury. But the jury omitted to make any finding in the verdict upon an important item of the property claimed in the declaration, and included in the issue joined. " Lot ten, in block four, with the appurtenances" is not found by the jury to be the property of the plaintiff or the defendant. This is a substantial defect in the verdict, which the court could not supply, without entering upon the province of the jury. The court had power to put the finding of the jury into proper legal form; but could not

interfere, so as to alter, supply, diminish, or in any way change it in substance. This court cannot with propriety exercise any more power than the court below could in curing the defect in the verdict. The most this court could do would be, if the proper state of facts existed, to enter here such a judgment as should have been entered by the court below. This cannot be done without violating a rule of law well established. It is our opinion that the court erred in entering judgment on the verdict as rendered by the jury.

The plaintiff in error having relied chiefly on the first assignment, and the argument having involved, substantially, those remaining, we consider it unnecessary particularly to notice them.

The judgment of the court below is reversed, and a *venire de novo* awarded.

        Judgment reversed.

(1) *Middleton* v. *Quigley*, 7 Halst., 352; *Holmes* v. *Wood*, 6 Mass., 1; *Patterson* v. *United States*, 2 Wheat., 221; *Kilbourn* v. *Waterous*, Kirby, 424; *Fenwick* v. *Logan*, 1 Mis., 401; *Moody* v. *Keener*, 7 Port. Ala., 218; *Vines* v. *Brownrigg*, 2 Dev., 587.; *Garland* v. *Davis*, 4 How., U. S., 131; *Crommelin* v. *Minter*, 9 Ala., 594.