Dewey, J.
The defendant, at the return term, moved to dismiss the action for various reasons stated in his motion, all of which, as they arise upon motion, must necessarily be for causes apparent on the record or face of the proceedings.
1. It was contended, that replevin being a local action, the allegation in the writ, that the goods replevied were taken at Boston, was fatal to the maintenance of this action in the county o-f Norfolk. But this being obviously a clerical error, and it being apparent that the real grievance complained of was a taking in Norfolk, the court of common pleas very properly allowed the plaintiff to amend, and allege the taking to be at Roxbury, instead of Boston.
2. It is objected to the writ of replevin, that it did not issue from the office of the clerk of the courts for the county of Norfolk. This point is not wholly free from difficulty, arising from the numerous provisions of the statutes upon the subject, and in some apparent conflict with each other.
The provision in Rev. Sts. c. 90, § 2, is quite broad, and embraces in its language writs of replevin. It is this: “All original writs, in the supreme judicial court and court of common pleas, may be issued by the clerk of said courts in any county, and be made returnable in any other county.” A writ of replevin is an original writ, and so within the words of the statute provision. Gould v. Barnard, 3 Mass. 199.
The ninth section of the act in amendment of the revised statutes-, enacted on the 13th of February, 1836, provides *560 that “ all writs and processes issuing from the court of common pleas shall be signed by the clerk of the same court for any county, and may run into any county.” This provision also clearly embraces writs of replevin.
The difficulty does not arise from any ambiguity in these statutes standing alone, but from a supposed conflicting provision in Rev. Sts. c. 113, § 28, being the chapter on the action of replevin, and the proceedings under that process. That enactment is thus : “The writ shall be sued out of, and returnable to, the court of common pleas for the county in which the goods are detained.” It is contended, that this is a special provision applicable to the action of replevin, and being so, takes the case out of the general provisions in the statutes above referred to. If it was clearly so intended, we might give this effect to it as a special provision regulating the process of replevin, leaving the general law as applicable solely to cases not specially provided for.
But there are considerations quite controlling this view of the case. In the first place, the 113th chapter of the Rev. Sts. does not in terms make any enactment as to the clerk who is to issue the writ. It is only by implication arising from the provision as to the court that is to have the jurisdiction of cases of replevin. It is to be sued out of and returnable to the court of common pleas for the county in which the goods are detained. The object of this provision was, to declare the action of replevin to be a local action. It was no part of the object of that chapter to prescribe the clerk’s office from which the writ was to issue. That subject was fully provided for in another chapter, c. 82, § 35, as reported by the commissioners who revised the statutes ; and it will be seen, by recurring to the original report, that they proposed, by c. 82, § 35, to require all original writs to issue from the clerk’s office of the court where the same were made returnable. Such being the case, and that chapter regulating the matter in direct terms, it can hardly be supposed that they had any purpose, by the words used in c. 113, to make any special provisions as to the clerk’s office from which the writ was to issue.
*561 By further pursuing our inquiries on this subject, we find that the legislature amended the report of the commissioners, by inserting the broad provision already quoted from c. 90, § 2, entirely changing the provision, and authorizing the clerks of courts to issue all original writs for any other county, and at the same time amended § 35 of c. 82, by introducing the exception “ of all original writs ” from the provisions of that section. Thus the matter stood at the time of enacting the revised statutes. But before the period of their going into operation, an act was passed abolishing the distinction, in this respect, between original writs and others, and providing that all processes and writs might be thus issued by the clerk of any county returnable into any other. Thus the whole matter is now regulated, and the system is uniform. It embraces local actions as well as others.
This is a matter of the merest form, and can in no possible way prejudice the rights of the party defendant. The statute furnishes facilities for using the processes of the courts, and was intended as a remedial provision to that effect, and ought to be sustained as such, if practicable, and without doing violence to the language of the statutes. We are satisfied that the purpose of the provisions of c. 90, § 2, and § 9 of the act of February 13th, 1836, was thus general, and embraces the case of writs of replevin. This objection to the writ must therefore be overruled.
3. It is then objected to the maintenance of this action, that the replevin bond is insufficient. It is said to be so, because the bond is executed by partners by their partnership name, and nothing appears to show that any one member was authorized to bind the firm. It is to be borne in mind that this question arises on a motion to dismiss the action for errors apparent on the face of the bond. Now it is not to be assumed, that the bond has been executed without authority, and does not bind all whom it purports to bind. We must take it upon the face of the bond, taken in connexion with the officer’s return of the same as a duly executed bond. He has certified to this as such bond. This view is a sufficient answer to a motion to dismiss for the cause assigned. If *562 questions of fact as to the execution of the bond are to be tried, they must be raised upon a plea in abatement. A motion to dismiss is much more restricted. As such it cannot prevail in the present case, no defect in the bond being apparent to the court on the face of the same.
4. The next inquiry is that arising upon the substantial merits of the case, whether the property attached by the defendant as the property of Joseph Foster was liable to such attachment. The plaintiffs claimed to be the owners of the same absolutely and free from any liability to attachment by creditors of Foster. The question hardly seems to be an open one. The case falls clearly within the principles settled in the case of Stevens v. Briggs, 5 Pick. 177, as to the right of property in the party furnishing the raw materials for manufacture, and the cases of Denny v. Cabot, 6 Met. 82, and Bradley v. White, 10 Met. 303, to the same points, and to the further one, that such a contract as the present could not constitute Foster a partner. These cases seem decisive of the present, and fully justify the ruling of the court of common pleas on this part of the case.
We perceive no valid objection to the rulings in matter of law, and the result is that the exceptions are overruled, and judgment is to be entered on the verdict for the plaintiffs.