### PROBATE COURT OF HOPKINTON *vs.* HARRIS LAMPHEAR.

A guardian's bond was sued in the name of the Probate Court to which it was given, and the writ was issued and served without being indorsed with the name of the person for whose benefit the suit was instituted.

*Held,* that the omission of the indorsement was a fatal defect and one which could not be amended by indorsement after service.

EXCEPTIONS to the Court of Common Pleas.

*November* 28, 1883.   DURFEE, C. J.   This is a suit on a guardian's bond.   The writ was issued in the name of the Probate Court to which the bond was given and was served without being indorsed with the name of the person for whose benefit the bond was sued, namely, the former ward.   The defendant pleaded the defect in abatement and the court below held the plea to be good, but nevertheless permitted the writ to be amended by adding by indorsement the name of the ward.   The order for amendment having been excepted to, the question is whether the court below had power to make it, for amendments being discretionary where the power exists, this court will not revise the discretion if the power existed.

We have come to the conclusion that the writ without the indorsement was unauthorized and void, and therefore not amendable, the indorsement being a prerequisite to any valid service.   *Bell* v. *Austin* 13 Pick. 90 ; *Wood* v. *Hill,* 5 N. H. 229 ; *Gould* v. *Barnard* 3 Mass. 199.   The Statute, Pub. Stat. R. I. cap. 191, §§ 1–4,[1] provides that the bond shall be given to the proper

---

[1] Pub. Stat. R. I. cap. 191 §§ 1–4, 11, are as follows :

SECT. 1. In all cases where bonds are required by law to be given to any

court of probate by name, and not to its members individually ; that it shall be sued in the name of the . court ; that every person interested in the bond shall be entitled to a copy of it and to sue thereon ; and that the writ shall have the name or names of the person or persons for whose benefit the suit is brought written thereon, against whom, if the defendant recover, execution for costs shall issue.   It is apparent that the court of probate under these provisions is only a nominal obligee, or rather is a mere name used to give form to the bond and the suit on it, the persons interested in the bond being the real obligees.   The persons interterested are therefore the real plaintiffs, as was stated in the case of *Court of Probate of West Greenwich* v. *Hopkins,* 3 R. I. 282 ; and unless the name of some one or more of them be on the writ, any judgment for costs recovered for the defendant is unavailing, for the court simply as court has neither property to be taken nor body to be arrested.   It is true that it is not expressly prescribed that the indorsement must precede the service, but it is unequivocally implied in § 4, by the entire frame of the section, and also in § 11, which provides for adding names to the indorsement by permission of the court, with the same effect as if the name had been indorsed on the writ " *before the service thereof.*"   The in-

court of probate, they shall be given to such court by name, and not to the individuals who shall at the time constitute the same, and all bonds so given shall be recorded by the clerk of such court in a book to be by him kept for that purpose.

SECT. 2.  Such bonds shall be sued in the name of the court and not in the name of the individuals composing it.

SECT. 3.  Every person interested in a bond given by an executor or administrator to a court of probate shall be entitled to a copy thereof and to sue thereon in the name and style of the court to which the bond is given.

SECT. 4.  The writ, in addition to the usual indorsement of the name of the plaintiff or his attorney, shall also have the name or names of the person or persons for whose benefit the suit is brought written thereon, who shall give security for costs as in other cases, and against whom, if the defendant recover, execution for his costs shall issue.

SECT. 11.  During the pendency of such suit the court may, on motion, permit any person interested to become a party thereto, by endorsing his name on the writ and by giving security for costs, if required, and thereupon such person shall have the same rights and be subject to the same liabilities as if his name had been endorsed upon the writ before the service thereof.

dorsement required by § 4 is not dependent on the permission of the court, and therefore must be made before the writ is served. The exception will be sustained, the amendment disallowed, and the action abated. The judgment, however, must be for the defendant without costs, for the indorsement being disallowed, there is no person of whom costs can be recovered.

*Judgment accordingly.*

John F. Tobey & Daniel L. D. Granger, for plaintiff.
Ziba O. Slocum & Thomas H. Peabody, for defendant.