HUNTINGTON v. RIPLEY ET AL., COMMITTEE OF THE FIRST
SOCIETY IN WINDHAM.

Every reasonable construction is to be adopted in support of a
verdict.

ERROR to reverse a judgment of the County Court in an
action brought by the plaintiff against said committee; de-
claring, that he was a sober dissenter from the established
church in the first society in Windham, and belonged to a
society of congregationalists in said society; that he attended
public worship there, and contributed his proportion towards
its support; and procured and lodged a certificate with the
clerk of said first society, more than three years since, of
his thus having dissented: Which certificate was accepted
in legal society's meeting on the 27th of November A. D.
1786; and said society voted to excuse him from paying taxes
for the support of the ministry in said first society; yet the
defendants not ignorant of the premises, inserted his name
in a certain rate-bill, made upon the list of A. D. 1787, and
annexed thereto the sum of 18s-4. lawful money, as his pro-
portion of said tax; which was for the sole purpose of support-
ing the ministry in said first society, and caused the same to
be collected of him to his damage £12.

Plea in bar — That on the 16th of October A. D. 1740, it
was voted in said first society, that the salary granted to the
Rev. Mr. White, should be annually paid him, and that
the committee for the time being should annually assess the
inhabitants accordingly; that on the 12th of November A. D.
1764, it was voted and agreed in legal society meeting of said
first society, that Mr. White's annual salary should be £100
to be paid on the 1st of November in each year, so long as
he should continue in the work of the ministry; and that the
committee for the time being should annually make out a rate
to pay him; that the defendants being a committee of said
first society, did make a rate in A. D. 1788, upon the list
in A. D. 1787, and included the plaintiff's name therein as
is alleged in his declaration; that in the limits of said first

society, there hath not been formed, nor hath there existed, nor doth there now exist, any distinct or separate church or congregation in which public worship is regularly maintained, according to the intent of the law, to which the plaintiff had adhered and paid.

The plaintiff replied — That there hath and doth exist in said first society a separate church and congregation, to which he hath and doth adhere and pay.   Issue to the jury.

The jury found that there hath not been formed or existing, nor is there now existing, any separate or distinct church or society of separates, in said first society, composed and supplied with a gospel minister in manner as the law requires, to which the plaintiff has adhered, and that he has there contributed his proportion in manner and form as the plaintiff in his reply has alleged, and found for the defendants their cost.

Motion in arrest — 1st. It doth not appear that there was any vote of the society laying a tax on the list of A. D. 1787. 2d. That the issue is immaterial.   3d. That the verdict does not answer the issue, and is contradictory and repugnant, and finds part of the issue in favor of the defendants, and part in favor of the plaintiff.   This motion was adjudged to be insufficient, and judgment rendered for the defendants.

Errors assigned — That the County Court ought to have judged said motion in arrest sufficient.

Judgment of this court — That there is nothing erroneous in the judgment complained of.   The vote of said society in A. D. 1764, was a sufficient authority to the committee to make the rate.   The issue is a material issue, and the jury have found it substantially in favor of the defendants; every reasonable construction is to be made in support of a verdict. Adopting this rule the supposed repugnancy will vanish and the verdict will read thus; the jury find that there is no such separate church or society existing, etc. to which he has adhered, and hath contributed his proportion, etc.   Which directly negates the facts affirmed by the plaintiff in his reply, and traversed by the defendants.