No. 65.—WILLIS WOOD and another, plaintiffs in error, *vs.* MILLY McGUIRE'S CHILDREN, defendants.

[1.] The verdict must comprehend the whole issue or issues submitted to the Jury.

[2.] Every reasonable construction is to be adopted in favor of the verdict.

[3.] Where the Jury express their meaning in an informal manner; yet, if the point in issue can be concluded from the finding of the Jury, the Court will work the verdict into form and make it serve.

[4.] Informal verdicts may be amended, but the Court has no power to supply substantial omissions.

[5.] In an action of ejectment, under *Jones' Forms*, the verdict ought to find the issue either for or against all the plaintiffs.

Ejectment, in Bibb Superior Court. Decision by Judge HARDEMAN.

This was an action for land, brought by Lovick N. McGuire, George M. McDonald, in right of his wife, Ora F. McDonald,

Mary Elizabeth McGuire, Daniel J. McGuire and Jemima K. McGuire, the children of Milly McGuire, against Willis Wood and William Johnston.

The Jury returned the following verdict: "We, the Jury, find in favor of the plaintiffs, Mary Elizabeth McGuire, Geo. M. McDonald, in right of his wife, Ora F. McDonald, Jemima K. McGuire, Daniel J. McGuire, to the undivided four fifths of the premises in dispute, and two hundred and fifty dollars, with costs of suit.

The defendants moved to set aside this verdict, on the ground, that it did not decide the issue as to one of the plaintiffs, to-wit: Lovick N. McGuire, which motion, on argument, was over-ruled by the Court; and this decision is assigned as error.

STUBBS & HILL, for plaintiffs in error.

LANIER & ANDERSON ; POE, for defendants in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

Lovick McGuire was a party plaintiff in the suit.    It was admitted, and the proof showed that he had conveyed his interest to the defendants.    The Court charged the Jury, that they were bound to find against him.    They were certainly bound to find, either *for* or *against* him.    And failing to do either, the verdict and judgment are imperfect, and should have been vacated.

[1.] The general rule undoubtedly is, that the verdict must comprehend the whole issue or issues submitted to the Jury in the particular cause; otherwise, the judgment founded on it should be reversed.    (1 *Arch. Pr.* 190.    *Patterson vs. The United States.*    2 *Wheat.* 225.    *Miller vs. Tretts,* 1 *Ld. Raym.* 324.)

In *Holmes vs. Wood,* (6 *Mass. R.* 1,) the Supreme Court of Massachusetts held, that if the issue joined be material, the

verdict ought to find the issue either for or against the party tendering it.

[2.] Indeed, the Circuit Judge recognized the rule, but was of the opinion, that the point in issue could be concluded from the finding of the Jury in this case; that the Court could work the verdict into form and make it serve. If this could be done the verdict should stand; and every reasonable construction should be adopted for this purpose. (2 *Burrow*, 693. 14 *Johns.* 84. 1 *Root*, 321.)

[3.] In *Kerr vs. Hartshorne*, (4 *Yeates*, 293,) Chief Justice *Tilghman*, very properly limits the authority of the Court to cases where the Jury have expressed their meaning in an informal manner, and says the Court has no power to supply substantial omissions.

[4.] But the difficulty here is, not that the Jury have expressed their meaning in an informal manner, but they have failed to express any opinion at all as to one of the parties. True, they have not found *for* Lovick McGuire; but are we authorized to say, that they intended to find *against* him? How shall the verdict be amended then? For this plaintiff or for the defendants, as to him? The verdict gives no response to this question; and the Court is not at liberty to answer for the Jury. *Petrie vs. Hannay*, 3 *D. & E.* 659, and *Richardson vs. Mellish*, 3 *Bingham*, 334, are authorities for amending informal verdicts. But here there is nothing whereby an amendment can be made.

[5.] Under *Jones' Forms*, under which this complaint was filed, it may become important that even in ejectments the verdict and judgment should be commensurate with the issue. But as already stated, they should be so in *all* cases, independent of the Act of 1847.