## Cobb *vs.* Wise, trustee, *et al.*

71  103
f114 311
114  562

A bill was filed to call one to account both as trustee and administrator; it alleged that another was surety upon his bond as trustee, and impliedly and indistinctly (if at all), that he was also surety on the administration bond; he was joined in the suit, and subpœna was prayed and issued against both him and the principal; they answered the bill jointly, and the surety set up no special defence growing out of the relation he sustained to the other defendant; the answer was silent as to the suretyship The jury found a specified sum against the principal as trustee and another sum against him as administrator The chancellor entered a decree against him severally for the amounts so found, and also against the other defendant as his surety in both capacities:

*Held*, that such decree was error and must be set aside While verdicts are to be given a reasonable intendment, and may be construed where the jury have expressed their meaning in an informal manner, the court cannot supply substantial omissions.

(*a*.) The decree as to the surety is set aside; in other respects it is affirmed; both parties having leave to amend their pleadings, so as to make and determine distinctly the issue of his liability.

September 11, 1883.

Verdict. Decree. Practice in Superior Court, Practice in Supreme Court. Before Judge HUTCHINS. Oconee Superior Court. January Term, 1883.

Reported in the decision.

S. P. THURMOND; H. D. MCDANIEL; J. R. LYLE, for plaintiff in error.

A. S. ERWIN; POPE BARROW; A. J. COBB, for defendants.

HALL, Justice.

Florine Wise and her husband and trustee brought this bill in equity to hold to account her former trustee, William D. Cobb, who succeeded in this trust her first husband, Henry W. Cobb, upon whose estate the said William D. Cobb also administered; the bill also sought an account of Henry W. Cobb's administration of the trust at the hands of his said administrator. Azariah P. Cobb, who was claimed to be the surety of William D. Cobb as trustee and also as administrator, was joined in the suit with the said William D.; process was prayed and issued against both of them, and both were served. They answered the bill jointly, and Azariah P. set up no special defence growing out of the relation he sustained to the other defendant. The bill very distinctly sets forth the fact that he was surety upon the trustee's bond, but only impliedly and indistinctly, if at all. charged him as surety upon the administrator's bond of the said William D. Copies of the bonds are not appended as exhibits, nor are they otherwise described in the pleadings. The answer is silent as to the suretyship.

The jury on the trial of the case returned a verdict against William D. Cobb for the sum found to be due from him as complainant's trustee; and also for the amount due from Henry W. Cobb, deceased, her former trustee, against him as Henry W. Cobb's administrator. No mention was made in the verdict of Azariah P. Cobb. On this verdict a decree was entered against William D. Cobb for the amounts found against him severally as trustee and administrator, and also against Azariah P. Cobb as his surety in both capacities.

Azariah P. Cobb moved to set aside this decree, because there was nothing in the verdict authorizing a decree to be rendered against him ; his motion was refused, and on this refusal he assigns error.

The point, we think, is well taken ; as to him, the verdict is so uncertain and incomplete that the court below could make no reasonable intendment, either from it or the pleadings in the case, as to what the jury purposed by their finding. It certainly could not presume that they intended to find against him, nor do we think that we are at liberty to infer that they meant to find in his favor. *Wood vs. McGuire's Children*, 17 *Ga.*, 361, closely resembles this case in its facts and is all fours with it in the principle it establishes. In that case the jury failed to find either for or against one of the several plaintiffs, here they failed to find as to one of the defendants; there a motion was made by the defendant for a new trial, here a motion was made by the defendant, as to whom there was no finding, to set aside the decree rendered against him. After noticing the rule requiring the verdict to cover the issues and the parties, and recognizing the further rule that every reasonable intendment should be made to uphold the verdict, this court limits the authority to make such intendments " to cases where the jury have expressed their meaning in an informal manner," but " the power to supply substantial omissions," is expressly disclaimed. Lumpkin, J., who delivered this opinion said (p. 663) : " But the difficulty here is, not that the jury have expressed their meaning in an informal manner, but they have failed to express any opinion at all as to one of the parties. True, they have not found for Lovick McGuire ; but are we authorized to say that they intended to find against him ? How shall the verdict be amended then ? For this plaintiff or for the defendants as to him ? The verdict gives no response to this question ; and the court is at liberty to answer for the jury."

This decree, so far as it is against Azariah P. Cobb, must be

set aside; in all other respects it is affirmed. The case is still open as to him in the lower court. The question of his liability as the security of William D. Cobb, as trustee for complainant, Florine, and as administrator of Henry W. Cobb, deceased, must be ascertained by another jury. Both parties are to have leave to amend their pleadings, so as to make this issue distinctly, if they shall see proper so to do.

Judgment reversed.