### SLELTON *vs.* O'BRIEN.

CLAIM, FROM WARREN. Verdict. Practice in Superior Court. Amendment. Jury and Jurors. (Before Judge Roney.)

Jackson, C. J.—In a claim case, the court instructed the jury to find a verdict in favor of the plaintiff in execution or in favor of the claimant; the jury found a verdict "for the claimant in execution." Counsel for the claimant moved to put the verdict in form, but the court said it was already in form, and the jury dispersed, the court, however, having understood the finding to be merely in favor of the claimant. The court took a recess for dinner, and his attention was called to the fact that the jury had meant to find for the plaintiff in execution, as stated by

some of them to plaintiff's counsel. After dinner, at the instance of plaintiff's counsel and over objection of claimant's counsel, the court assembled the jury, polled them, and upon each of them stating that he meant to find for the plaintiff in execution, the verdict was so altered.

Held, that this was error. While a verdict may be amended in mere matter of form after the jury have dispersed, yet after it has been received and recorded, and the jury have dispersed, it cannot be amended in matter of substance, either by what the jurors say they intended to find or otherwise. 17 Ga., 361 ; 36 Id., 584 ; 71 Ga., 103.

Judgment reversed.

Tutt & Lockhart; A. S. Morgan; J. L. Gross, by brief, for plaintiff in error.

James Whitehead, by brief, for defendant.