## JAMES J. DAILEY, Respondent, v. CITY OF COLUMBIA, Appellant.

### Kansas City Court of Appeals, November 19, 1906.

1. **PRACTICE, TRIAL: Pleading: Motion to Make Definite: Waiver.** A defendant by answering to the merits waives his right to except to the action of the court on his motion to make the petition more definite and certain. McMillen v. Columbia, *infra*, p. 34, followed.

2. ———: **Verdict: Instruction: Motion for New Trial.** Plaintiff made a city and five individuals defendants in a damage suit. The court directed a verdict for the individuals and submitted the case against the city. The jury returned a verdict for the plaintiff and assessed his damages without making any finding as to the individual defendants. *Held*, it was error and the court's attention having been called to it in the motion for new trial and in arrest there was no way to correct the irregularity of the record except by new trial.

3. ———: ———: **Sufficiency of: Parties.** The verdict should always be responsive to and cover all the issues submitted and should make a finding as to all the parties.

Appeal from Boone Circuit Court.—*Hon. Alex. H. Waller*, Judge.

REVERSED AND REMANDED.

*W. H. Rothwell,* City Attorney, and *Gillespy & Conley* for appellant.

(1) The court erred in overruling defendant's motion to make plaintiff's petition more definite and certain. . This motion was timely, made before answer filed and exceptions were saved and preserved to overruling same. The matter was again called to the court's attention in the motion for a new trial. (2) Every substantial fact which the plaintiff in order to recover must prove, he must also allege so that an issue can be made thereon. Lanitz v. King, 93 Mo. 513; Pier v. Heinrichoffen, 52 Mo. 333; Sidway v. Land Co., 163 Mo. 375; Pattison, Missouri Code Pleading, sec. 62; Bredell v. Alexander, 8 Mo. App. 110; Scott v. Roberts, 67 Mo. 289; 8 Ency. of Plead. and Prac. (2 Ed.), p. 270, sec. 5; Cook v. Putnam Co., 70 Mo. 668; Boles v. Bennington, 136 Mo. 529; Snyder v. Free, 114 Mo. 360; Clark v. Dillon, 97 N. Y. 370; Saxton v. Railroad, 98 Mo. App. 494; Chemical Works v. Nemnich, 169 Mo. 388; Young v. Schofield, 132 Mo. 661; Coombs Co. v. Blocks, 130 Mo. 668; State ex rel. v. Oddle, 42 Mo. 210; R. S. 1899, sec. 672; Leete v. Bank, 141 Mo. 574; Sommers v. Transit Co., 108 Mo. App. 319; Reubsam v. Transit Co., 108 Mo. App. 437; R. S. 1899, sec. 612; Watkins v. Donnelly, 88 Mo. 322. (3) The verdict is incomplete, does not respond to all the issues, nor find as to all the parties in the controversy and the judgment does not conform to the verdict. Fenwick v. Logan, 1 Mo. 401; Easton v. Collier, 1 Mo. 421; Hickman v. Byrd, 1 Mo. 495; Parker's Admr. v. Moore, 29 Mo. 218; Schweichhardt v. St. Louis, 2 Mo. App. 571; Hackworth v. Zeitniger, 48 Mo. App. 32; Coleman v. Hicks, 158 Mo. 367.

*Webster Gordon* for respondent.

(1) The ruling of the trial court upon appellants' motion to make respondent's petition more definite and certain was waived by it, in pleading to the merits and going to trial, and such ruling is not before this court for review. State ex rel. v. Bank, 160 Mo. 646; Sauter v. Leveridge, 103 Mo. 615; Hill v. Combs, 92 Mo. App. 242; Scovill v. Glassner, 79 Mo. 449; Dakan v. Mercantile Co., 94 S. W. 944. (2) The verdict in this case is responsive to the issues and will not be affected by an inaccuracy of punctuation, or expression so long as its meaning is perfectly clear in the light of surrounding circumstances. Gurley et al. v. Dwyer, 61 Mo. App. 348; State v. McNamara, 100 Mo. 100; Cordage Co. v. Yeargain, 87 Mo. App. 561, and cases cited.

ELLISON, J.—The action in this case is for damages alleged to have been done to plaintiff's property by the same work prosecuted by the city in an alley in the rear of Mr. McMillen's property, this plaintiff owning property on the same alley.

What we said in reference to defendant having waived its motion to make plaintiff's petition more definite and certain by answering to the merits applies to this case. An examination of the authorities there cited will show the correctness of our ruling.

It however appears that the plaintiffs not only sued the defendant city, but also included as joint defendants five individuals, charging all as guilty of the wrong which worked the injury alleged. At the close of the evidence, the trial court gave a peremptory instruction (to which plaintiffs took exception) directing the jury to find a verdict for the five individuals. The cause was then submitted to the jury by instructions. The jury returned a general verdict as follows: "We, the jury, find for the plaintiff and assess the damages at $75.00." Passing by the point that the verdict was in the singular

when there were two plaintiffs, we are compelled to heed the objection as to the defendants. The case as stated and the issues as made up for trial were against all of the defendants. The case as made out by the evidence failed, in the view of the trial court, as against the individual defendants and a peremptory instruction to find for them was given over the protest of the plaintiffs. The verdict should have disposed of the case as to these defendants. It has been many times ruled that it is fatal unless a verdict is responsive to or covers all the issues submitted. It may do this in a broad and general way in most instances, but in all cases it must in some way be responsive. [Fenwick v. Logan, 1 Mo. 401; Easton v. Collier, 1 Mo. 421; Hickman v. Byrd, 1 Mo. 495; Parker v. Moore, 29 Mo. 218; Wood v. McGuire, 17 Ga. 361; Patterson v. United States, 2 Wheat. 221; Davidson v. Bond, 12 Ill. 84; Barbour v. White, 37 Ill. 171; Holmes v. Wood, 6 Mass. 1.] In Wood v. McGuire, supra, there was, as in this case, a peremptory instruction. The trial court, in that case, directed a verdict against one of the plaintiffs, which the jury either failed or refused to heed in the verdict rendered. That particular plaintiff was not mentioned. It was held error in the trial court to refuse to set aside the verdict.

This, though at first blush might seem merely technical, has more merit than that. There are many ways in which it would become important to have a proper verdict and judgment against all of the defendants, or in favor of some and against others. In Schweickhardt v. St. Louis, 2 Mo. App. 571, 584, it was said that, "It is far from being immaterial whether, when several are sued as jointly liable for a tort, there is a verdict in favor of one or more, while as to the rest the verdict and judgment are for the plaintiff." The authorities cited by plaintiff as tending to support the ver-

dict are not considered to be applicable to the objection as here made.

In the case of Berkson v. Railway, 144 Mo. 211, the verdict of the jury was rendered against one defendant only and judgment was rendered against that one and in favor of the other defendants; and there was no complaint made of the incompleteness .of the verdict in motion for new trial. While in this case specific and special complaint is made as to the verdict, both in motion for new trial and in arrest, and the judgment (if we concede it could properly do so in the absence of a verdict) in no way refers to the defendants in whose favor the court directed a verdict. In fact, the verdict is simply a finding for plaintiff without naming any defendant. The defendant city has appealed and, on the record presented, it has a right to complain. It may be said that the verdict being for the plaintiff without naming any of the defendants, it should be taken to be a general verdict against all of them. But the judgment is against the city only. And if it be suggested that because the court instructed the jury to find for the individual defendants, it should be assumed the jury did not find against them, it should be answered that a verdict cannot be made in that way. It was the duty of the jury to make a finding. We need not say what would have been the effect of the irregularities to which we have referred, had there been no objection made, either in motion for new trial or arrest of judgment, as the objection was made in both these motions. We know of no way in which such manifest irregularity, inconsistency and confusion of record may be corrected except by new trial.

The judgment must be reversed and the cause remanded. All concur.