MAXINE HUGHEY, by Next Friend, Respondent, v. AUGUST EYSSELL, Appellant.

Kansas City Court of Appeals, December 31, 1912.

JUDGMENTS: Verdict: Sufficiency: Informality: Disposition of Issues and Parties. Where the court, at the close of plaintiff's evidence, gave to the jury a peremptory instruction to find in favor of one of two defendants, a general verdict in favor of the plaintiff at the close of all the evidence was insufficient to support a judgment against the remaining defendant, since a verdict must dispose of all the issues and all the parties to a cause, and an omission to find in favor of such other defendant was a substantial defect and not a mere informality.

Appeal from Jackson Circuit Court.—*Hon. Thos. J. Seehorn*, Judge.

REVERSED AND REMANDED.

*G. B. Silverman* for appellant.

*C. W. Prince* for respondent.

ELLISON, J.—Maxine Hughey, an infant, commenced this action by her next friend to recover damages for personal injuries she alleged were caused by negligence of the defendants, Hugo Eyssell, August Eyssell and Julia Kinney. Separate answers were filed by the several defendants. In the course of the trial plaintiff dismissed Julia Kinney from the action and at the conclusion of plaintiff's evidence the court

sustained a demurrer to the evidence offered as to Hugo Eyssell, and gave the jury a peremptory instruction to return a verdict for him. Plaintiff did not except to this ruling, but August Eyssell, the remaining defendant, did except. Thereafter the remaining defendant, August Eyssell, whose demurrer to the evidence was overruled, introduced his evidence, and at the close of all the evidence renewed his request for a peremptory instruction. The court denied the request but gave the following instruction as to the form of the verdict which had been directed to be given for Hugo Eyssell at the close of the evidence for plaintiff, viz. "Your verdict as to the defendant Hugo Eyssell will be in the following form: We, the jury, find for the defendant Hugo Eyssell." The court then, in appropriate instructions, submitted issues of fact to the jury. The verdict of the jury was as follows: "We, the jury, find for the plaintiff and assess her damages at the sum of $1312.50." Defendant, August Eyssell filed motions for a new trial and in arrest of judgment, in which he attacked the sufficiency of the verdict to support a judgment against him. The motions were overruled, and in the judgment rendered by the court it was adjudged that plaintiff recover judgment against August Eyssell in the amount of the assessed damages and costs and that she "take nothing by her action in this behalf against defendant Hugo Eyssell and that said defendant go hence without day," etc. Plaintiff did not appeal from the judgment. August Eyssell alone appealed, and his counsel contend that a number of prejudicial errors were committed against him at the trial. In our opinion the cause was fairly tried.

It will be seen from the foregoing that the jury refused to follow the instruction of the court directing them to find a verdict in favor of Hugo Eyssell. On the contrary, the verdict being general may be interpreted to be against both him and his co-defendant. How is it to be known that the jury did not intend that it should

be against both? How is it to be known but the jury may have either ignored or overlooked the court's instruction and meant to find against both? And how is it to be known but that the jury would have refused to find specifically against August Eyssell?

It is a fundamental law that a verdict must dispose of all the issues and all the parties to a cause, and that not to do so is a fatal defect. Dailey v. City of Columbia, 122 Mo. App. 21. To the cases cited in support of that case we will add: Winkelman v. Maddox, 119 Mo. App. 658, 662; Miller v. Bryden, 34 Mo. App. 602, 608; Eichelmann v. Weiss, 7 Mo. App. 87, 89; Ferguson v. Thacher, 79 Mo. 511, 514; Jenkins v. Parkhill, 25 Ind. 473. In the first three of these cases, as in the case at bar, it was the defendant against whom the verdict was rendered who objected to its sufficiency and appealed on account thereof. In Eichelmann v. Weiss, the court said: "The defendants, if liable, are jointly liable, and subject to contribution; and those against whom judgment was rendered have a right to have the question determined whether Weiss is to bear any share of the burden; and being prejudiced by the error, may take advantage of it." The same reasons were given in Schweickhardt v. St. Louis, 2 Mo. App. 571, 583.

The fact that the trial court instructed the jury to find for Hugo Eyssell does not aid the verdict. The same thing occurred in Wood v. McGuire, 17 Ga. 361, except there the instruction was to find against one of the plaintiffs and the jury failed or refused to do it. The trial court there, as here, concluded, as said in that case, that it "could work the verdict into form and make it serve." But the Supreme Court said that could only be done where the jury have expressed their meaning in an informal manner, and not where there are substantial omissions. The court proceeded to say in that case that: "The difficulty here is, not that the jury have expressed their meaning in an informal manner, but they have failed to express any opinion at

all as to one of the parties. True, they have not found *for* Lovick McGuire; but are we authorized to say, that they intended to find *against* him? How shall the verdict be amended then? For this plaintiff or for the defendants, as to him? The verdict gives no response to this question; and the court is not at liberty to answer for the jury.''

We think the judgment must be reversed and the cause remanded.

*Broaddus, P. J.,* concurring, *Johnson, J.,* dissents.