A. L. GOFF, Respondent, v. WALKER D. HINES, Director General of ST. LOUIS and SAN FRAN-CISCO RAILWAY CO., a Corporation, Appellant.

Springfield Court of Appeals, March 25, 1921.

1. **JUSTICES OF THE PEACE: Naming Defendant in Caption of Statement is Sufficient.** Where the caption of the statement before the justice of the peace correctly named the Director General of Railroads as defendant, the statement is sufficient, though he was not named in the body thereof, but was referred to as "defendant" and as "railroad."

2. **TRIAL: Verdict Sufficient After Judgment if Jury's Meaning is Clear.** Though the verdict is the only basis for the judgment and must be clear so that the judgment may be written upon it without resort to inference or construction, it is sufficient on appeal without motions for new trial and in arrest of judgment, or after such motions are filed and passed on by the trial court, if the meaning of the jury can be made clear from the whole record and the judgment is based on what the jury actually found.

3. ————: **Naming Railroad Instead of Director General in Verdict, Held not to Invalidate.** In an action properly brought against the Director General of Railroads, a verdict for plaintiff is sufficient, though the caption of statement stated the action as one by the plaintiff against the railroad and not the Director General.

4. **APPEAL AND ERROR: Director General's Objection to Allowance for Services Before Federal Control Must be Made Below.** The Director General cannot seek reversal of a judgment against him for services rendered on the ground that it included services rendered before he took control of the railroad, where he made no objection below to evidence of the rendition of such services and did not request an instruction limiting recovery to services after he took control.

Appeal from Pemiscot Circuit Court.—*Hon. Sterling H. McCarty,* Judge.

AFFIRMED.

*W. F. Evans* and *Ward & Reeves* for appellant.

(1) The Federal Government was operating the St. Louis-San Francisco Railway Company from and after December 31, 1917, and the railroad company would be responsible only for acts or things which occurred prior to that date, and the Director General was responsible for the acts and things which might have occurred subsequent to that date. The plaintiff sues for wages, the most of which accrued before the Government took charge of the railroad. So the plaintiff could not maintain this action against the railroad and recover that part of his wages which accrued thereafter; nor can the plaintiff recover against the Director General that part of his wages which accrued prior to the time the Director General took charge; nor can the plaintiff recover in any event against the Director General, without stating any cause of action against him whatever, and without making the Direct General a party to the suit. Hanks v. Hines, 219 S. W. 978; Haubert v. Balt. & O. R. Co., 250 Fed. 361; Rutherford v. Union Pac. R. Co., 254 Fed. 880; Federal Control Act, March 21, 1918, sec. 10. (2) The judgment in this case is against the Director General of Railroads, although there was no cause of action stated against the Director General, nor was the Director General substituted as a party defendant, nor was the Director General ever brought into court in this case. The judgment, therefore, cannot stand, and must be reversed. See authorities, supra, Division 1. (3) The plaintiff's statement of cause of action was against the railroad company, not against the Director General. The plaintiff's instruction No. 1 authorized a verdict against the railroad, but not against the Director General. The verdict of the jury was against the railroad company and not against the Director General. The judgment against the Director General is therefore unauthorized, because it does not follow the verdict of the jury. Singleton v. Exhibition

Co., 172 Mo. App. 299.; Newton v. Railway Co., 168 Mo. App. 199; Gibson, Admr., v. Swofford, 122 Mo. App. 126; Cattell v. The Dispatch Pub. Co., 88 Mo. 356. (4) The plaintiff's testimony is uncertain, halting and wholly lacks that positiveness which is necessary to overcome direct and positive testimony. His own witness, J. A. Brown, absolutely disproves the plaintiff's case by direct and positive testimony. Every fact and circumstance of the case shows that the plaintiff was fully paid for his services and under the undisputed, positive testimony the verdict of the jury should have been against the plaintiff. McGrath v. Transit Co., 197 Mo. App. 105; Underwood v. Railway Co., 182 Mo. App. 265; Armstrong v. Railway Co., 195 Mo. App. 83. (5) It was not essential in this case that the appellant file a motion in arrest of judgment or particularly set out in the motion for new trial the defects in the petition, verdict and judgment. Such defects appear on the face of the record in this case and are subject to review by this court, even in the absence of the motion for new trial. Pierson-Lathrop Grain Co. v. Britton, 209 S. W. 331; Newton v. Railway Co., 168 Mo. App. 99; Balch v. Myers, 65 Mo. App. 422.

No brief for respondent.

COX, P. J.—This action was begun before a justice of the peace for services rendered by plaintiff as night watchman to guard freight and other property from October 13, 1917 to February 1, 1918, for which it is claimed there was a balance due of $107.50. Judgment by default before the justice; appeal to the circuit court and on trial *de novo* in that court a verdict for plaintiff for $107.50 was returned; judgment entered thereon against appellant and he has appealed.

The first contention of appellant Walker D. Hines, Director General, is that he was not sued and hence no judgment can be rendered against him. This contention is based on the allegations in the body of the statement filed before the justice of the peace and the

form of the verdict returned at the trial in the circuit court. The appellant has printed in his abstract of record the body of the statement only. The caption of the statement is not printed. In the body of plaintiff's statement, the names of neither plaintiff nor defendant appear. The plaintiff is referred to as "plaintiff" and the defendant is referred to as "defendant" and as "railroad" and as "said railroad" but neither the name of the railroad nor the name of Walker D. Hines, Director General, anywhere appears. The trial court treated the case as a suit against Walker D. Hines, Director General, and to remove all doubt as to who were the parties to the suit, we have secured from the circuit clerk of Pemiscot county a certified copy of the statement of the cause of action filed before the Justice of the Peace and it has the following caption.

"A. L. GOFF, plaintiff,

v.

WALKER D. HINES, Director General
of ST. LOUIS-SAN FRANCISCO RAILROAD,
a corporation, Defendant."

The designation of the parties in the caption of the statement is sufficient. It is not necessary that the names of the parties be repeated in the body of the pleading. [R. S. 1919, sec. 1220.]

The next contention is that the verdict will not support the judgment against the appellant. The verdict is in the following form:

"A. L. GOFF, plaintiff v. ST. LOUIS & SAN FRANCISCO RY. CO., defendant.

"We, the jury, find the issues for the plaintiff in the sum of $107.50.

J. B. BUCKLEY, Foreman."

Appellant now contends that the verdict was rendered against the railroad company and not against him as Director General and the court therefore could not enter judgment against him on the verdict. The court treated that part of the verdict which gave the title of the cause as surplusage. The verdict was copied

in the judgment with that omitted and we think he was fully warranted in doing so. While it is true that the verdict is the basis and the only basis for the judgment and the judgment must follow the verdict and the verdict must be clear and unambiguous so that a judgment may be written upon it without a resort to inference or to construction. [Newton v. Railroad, 168 Mo. App. 199, 153 S. W. 495; Singleton v. Kansas City Baseball & Exposition Co., 172 Mo. App. 299, 157 S. W. 964; Haumueller v. Ackermann, 130 Mo. App. 387, 109 S. W. 857; Hughey v. Eysell, 167 Mo. App. 563, 152 S. W. 434.]

It is also true that if from a consideration of the whole of the record proper, if the appeal is taken without motions for new trial and in arrest of judgment being filed or if such motions are filed and passed on by the trial court, then from the whole record, the meaning of the jury can be made clear and the judgment is based on what the jury actually found, it will be upheld. Hayes v. Hogan, 273 Mo. 1, 27, 200 S. W. 286; Grain Co. v. Britton, 202 Mo. App. 591, 209 S. W. 333.]

The case being tried as shown by the statement filed before the Justice of the Peace was A. L. Goff, plaintiff, v. Walker D. Hines, Director General of St. Louis & San Francisco Railway Company, a corporation, defendant. The defense was made by the Director General. He was in charge operating the railroad and the jury evidently understood that the case being tried was against the railroad company though technically speaking it was not. There was but one defendant and it is clear that the jury actually found in favor of plaintiff and the body of the verdict so states. This could mean but one thing and that is that the jury found that the defendant was indebted to plaintiff in the sum found, to-wit, $107.50. The trial court had no difficulty in determining what the jury had found and entered judgment against the defendant in the action and we

think that action was warranted by the verdict as returned.

The next contention is that the verdict is excessive. This is based on the fact that the services for which compensation is claimed extended from October 13, 1917, to February 1, 1918, and that the Director General did not take charge of the railroad until December 31, 1917, and therefore a large part of the claim accrued before the Director General took charge and for that part of the services, no judgment could be rendered against the Director General. We do not deem it necessary to pass upon that question in this case for the reason that appellant waived his rights in that regard, if he had any. That point was not made in the trial. No objection was made to testimony showing plaintiff's services prior to December 31, 1917. No instruction was asked limiting recovery to pay for services rendered after December 31, 1917. All the instructions asked by appellant were given and he cannot now be heard to complain that the jury took the entire service rendered by plaintiff into consideration in determining the amount of the verdict.

Judgment affirmed.

. *Farrington* and *Bradley, JJ.,* concur.