Frank Pleiman, Respondent, v. Elmer Belew and Gloria Belew, Appellants, No. 41389—227 S. W. (2d) 733.

Division One, March 13, 1950.

*Milton F. Napier* for appellants.

*Moser, Marsalek, Carpenter, Cleary & Carter, W. E. Moser* and *J. C. Jaeckel* for respondent.

220

 CLARK, P. J.—Personal injury suit for damages caused by a collision between an automobile driven by plaintiff, Pleiman, and one driven by defendant, Elmer Belew, in which his wife, Gloria Belew, was ridng. Plaintiff first sued Elmer Belew only, but amended his petition and brought in Gloria Belew as a defendant. The amended petition charged that defendants jointly owned the automobile driven by Elmer and that he was operating it in the interest of both; that defendants were guilty of primary negligence, violation of a city ordinance, and also of a violation of the humanitarian rule.

Defendants filed separate answers and counterclaims, each admitting joint ownership of the automobile and the existence of the city ordinance, denying other allegations of the petition and charging plaintiff with both primary and humanitarian negligence. Elmer Belew prayed judgment in the sum of $5,475.00 and Gloria Belew prayed for $15,173.98.

Plaintiff filed no reply and neither defendant moved for judgment by default or judgment on the pleadings as to his or her counterclaim.

At the close of all the evidence plaintiff dismissed as to Gloria Belew. A jury returned a verdict in favor of plaintiff for $1,475.00 against Elmer Belew and against both defendants on their counterclaims. Gloria Belew appealed to this court. Elmer Belew appealed to the St. Louis Court of Appeals and the case has been transferred here and the two appeals consolidated.

Defendant Elmer Belew did not file a motion for new trial as to plaintiff's cause of action. Both defendants filed motions for new trial as to their counterclaims, but the only point made in appellants' brief in this court is as follows:

"The verdict and judgment are against the law and the admitted facts in this case, insofar as appellant Gloria Belew is concerned."

Then in the argument portion, appellants' brief states: "Concededly, we are here primarily concerned with the appeal of Mrs. Gloria Belew."

The transcript filed here sets out the pleadings, motions, rulings on motions, verdict and judgment. It does not include any evidence introduced at the trial, but appellants say that because respondent filed no responsive pleading to the counterclaim of appellant, Gloria Belew, the allegations contained therein stand admitted.

In support of this contention, appellants cite Sections 847.32 and 847.72, Missouri Revised Statutes Annotated.

Section 847.32 says: ". . . there shall be a reply if the answer contains a counterclaim . . .", and Section 847.72 says: "If a responsive pleading is required all defenses or objections not raised therein are waived, except . . ."

Appellants argue that those provisions are mandatory. So they are, provided the opposing party invokes their enforcement by timely and proper action; otherwise they may be waived.

The sections cited are part of our new Civil Code and are derived from certain sections of the old Code which have been repealed. [Compare Sections 916, 920, 931, and 1083, Revised Statutes Missouri 1939, Mo. R. S. A.]

The old Code was just as positive and mandatory as the new Code in requiring the filing of responsive pleadings and the waiver of objections and defenses not raised. Yet we repeatedly held that such provisions might be waived. [State ex rel. Shartel v. Skinker, 324 Mo. 955, 25 S. W. (2d) 472; Crossland v. Admire, 149 Mo. 650, 51 S. W. 463; Roden v. Helm, 192 Mo. 71, 90 S. W. 798; Monmouth College v. Dockery, 241 Mo. 522, 145 S. W. 785; Schaeffer v. Northern Assurance Co. (Mo. App.) 177 S. W. (2d) 688.] We have reached the same conclusion under the new Civil Code. [Linders v. Linders, 356 Mo. 852, 204 S. W. (2d) 229.]

In the instant case the defendants raised no objection to plaintiff's failure to file a reply to their counterclaims. They did not ask for a default judgment or for judgment on the pleadings. They tried the case as if replies had been filed, attempted to prove the allegations of their counterclaims and submitted the same to the jury in their requested instructions. The jury having found the facts against them, they cannot now claim that the allegations of their counterclaims stood admitted. We hold that appellants waived the filing of a reply

and we treat the case as if replies had been filed denying the allegations of the counterclaims.

The verdict of the jury was worded as follows: "We the jury in the above entitled cause find in favor of the plaintiff on plaintiff's cause of action and assess plaintiff's damages in the sum of $1425.00."

"We further find in favor of plaintiff on defendants' counterclaims."

On that verdict the court entered judgment in favor of plaintiff and against defendant Elmer Belew only for $1425.00; and in favor of plaintiff and against both defendants on their counterclaims.

Appellants argue that the verdict is insufficient because it fails to name "the defendant or defendants against whom it is found." They also argue that the court was without power to "amend" the verdict by entering the judgment above mentioned.

Such arguments are without merit. Plaintiff had already dismissed as to defendant Gloria Belew and defendant Elmer Belew was the only remaining defendant against whom the jury could find as to plaintiff's cause of action. The counterclaims of both defendants remained in the case and the jury definitely found against both.

We find nothing in the record to indicate that the court "amended" the verdict. He merely followed it and rendered judgment according to its plain meaning.

On the record of this case the verdict is sufficient both as to form and substance. [Goff v. Hines etc., 207 Mo. App. 420, 229 S. W. 221; 53 Am. Jur.; p. 716, sec. 1036.] Defendants cannot complain of the form of the verdict, as they made no objection to the forms submitted to the jury and did not object to the form of the verdict when it was returned. [Kansas City v. Thompson, (Mo.) 208 S. W. (2d) 216.] This appeal is briefed on behalf of Gloria Belew only. She certainly cannot complain of the form of the verdict as no judgment was rendered against her on plaintiff's cause of action and the verdict is definitely against her on her counterclaim.

We find no error in the record and the judgment is *affirmed.* All concur.