**STATE of Missouri,
Plaintiff-Respondent,**

**v.**

**Mose MARTIN, Defendant-Appellant.**

**No. 40966.**

Missouri Court of Appeals,
Eastern District,
Division One.

April 28, 1981.

Charles A. Lee, Jr., Clayton, for defendant-appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George Peach, Circuit Atty., St. Louis, for plaintiff-respondent.

STEWART, Judge.

Defendant was convicted of the crime of statutory rape of a 15 year old girl in violation of § 559.260 RSMo 1969 and was

sentenced to a term of four years imprisonment.

Defendant does not question the sufficiency of the evidence, his only contention concerns a question of admissibility of evidence.[1] It is therefore unnecessary to detail the facts of the crime. We need only set forth the facts necessary to a determination of the issue raised.

After the victim had been raped she was taken to a hospital. The hospital report in addition to the results of the examination contained a history in which it reported that the victim told the doctor that she had had sexual intercourse sometime prior to the date of the rape.

Before the introduction of evidence, the State advised the court that it intended to read portions of the hospital record into evidence and sought a protective order to prohibit defendant's counsel from asking any questions or making allegations regarding the prior sexual history of the victim or reading the statement in the hospital record. The court, after hearing evidence under § 491.015 RSMo 1977 Supp. granted the request of the State. The court held that the statement of victim was irrelevant and immaterial to the issues in the case.

During the course of the trial the hospital record was introduced into evidence and a portion of the record was read into evidence. The defendant was permitted to read other parts of the record into evidence but upon objection by the State he was not permitted to read that portion of the record with respect to the victim's past sexual activity. Defendant duly made an offer of proof which was denied.

It is defendant's contention that the court erred in refusing to permit counsel to read into evidence that portion of the history relating to victim's past sexual history because it was contained in an exhibit that was introduced into evidence and that once the exhibit was introduced into evidence the entire contents of the exhibit are in evidence.

1. Defendant had raised another point in his brief which was subsequently abandoned.

We confine our discussion to the issue as raised by defendant and do not discuss other issues discussed in the argument portion of the brief. *State v. Flynn*, 541 S.W.2d 344, 348 (Mo.App.1976).

The rule that defendant would have us invoke is applicable only when documentary evidence is introduced into evidence without specific objection, or without any reservation of the right to object to portions of the exhibit that are not read into evidence or where the portion not read by the opponent are relevant and explanatory of the portions that have been read. *Skelton v. General Candy Co.*, 539 S.W.2d 605, 614 (Mo.App.1976); *State v. Scaturro*, 509 S.W.2d 491, 494 (Mo.App.1974).

The proper qualification of business records does not make all portions of the record admissible. "If specific and legally proper objections are made to parts of the record, on grounds other than hearsay generally, such parts may be properly excluded." *Allen v. St. Louis Public Service Company*, 365 Mo. 677, 285 S.W.2d 663, 666 (1956).

In the case at hand the State sought and obtained an order excluding the history of previous sexual activity on the part of the victim. The hospital record was not introduced into evidence in its entirety. The court did not err in sustaining the State's objection on the ground that the entire exhibit was not in evidence. *LaMantia v. Bobmeyer*, 382 S.W.2d 455, 462 (Mo.App.1964); *State v. Scaturro, supra.*

The State read into evidence the portion of the record concerning the laboratory test of the vaginal smear which revealed presence of "spermato cell." The victim's past sexual history was not relevant to nor explanatory of the presence of the "spermato cell" as set out in the hospital record. The trial court did not err in excluding the proffered evidence from the exhibit on the claim that it was explanatory of the portion read into evidence by the State. *State v. Scaturro, supra.*

Finding no error, the judgment of the trial court is affirmed.

STEPHAN, P. J., and DOWD, J., concur.