Josephine **SIMPSON,**
**Plaintiff/Respondent,**

v.

**MERCANTILE BANK OF MEMPHIS,**
**Missouri, Defendant/Appellant.**

No. 55452.

Missouri Court of Appeals,
Eastern District,
Northern Division.

June 27, 1989.

Rex V. Gump, Hulen, Hulen, Tatlow & Gump, Moberly, for defendant/appellant.

Charles R. Willis, St. Louis, for plaintiff/respondent.

GRIMM, Judge.

In this tort action for fraud, the jury returned a verdict for plaintiff Josephine Simpson. The verdict read, "For actual damages $12,212.92 + 13½% int. per annum from 11/7/83 to 7/8/88." The trial judge performed the mathematical computation and entered judgment for $22,065.21.

Defendant Mercantile Bank of Memphis, Missouri appeals. It challenges the verdict upon which the judgment was entered, claiming the award of interest "was beyond the pleadings and beyond the submissions to the jury." We find, however, that the jury's verdict expressed its intent to award Simpson a specific amount, within the

range of permissible verdicts. Accordingly, we affirm.

Simpson's petition alleged that Mercantile had fraudulently induced her into paying debts for which she was not personally liable. Simpson sought actual damages of $39,212.92. This amount represented the sum of two notes, $27,000 and $12,212.92, erroneously paid by her.

After receiving the jury's verdict, and before entering judgment thereon, the judge, in open court and in the presence of the jury, asked counsel whether the verdict was acceptable to them. Counsel for both parties said yes. The court then accepted the verdict and discharged the jury.

Mercantile now argues that the portion of the verdict pertaining to interest should be stricken as surplusage. It points out that plaintiff did not plead interest; and therefore, judgment should be entered for $12,212.92 only.

In support of its position, Mercantile cites *Bredell v. Parker–Russell Mining and Mfg. Co.*, 21 S.W.2d 932 (Mo.App.E.D. 1929), as being "exactly analogous to the instant fact situation." There, the jury awarded plaintiff $2,000 plus specified interest. Neither the jury or the judge, however, computed the interest, and judgment was entered for only $2,000.

*Bredell* is not applicable. First, *Bredell* was a contract action; Simpson alleged a tort. Second, the defendant in *Bredell* complained that the verdict was so incomplete that the court had no authority to enter judgment thereon. *Id.* at 936. However, the court recognized that the interest could have been included in the judgment, but that the failure to do so was not an error "of which defendant might complain." *Id.*

Mercantile asserts "[a]nother case directly on point is *Kansas City v. Halvorson*, 177 S.W.2d 495 (Mo.1944)." Again, we disagree. In *Halvorson*, the petition prayed for $132,403.76. The verdict and judgment, however, were for $132,403.76 plus interest for a total of $154,129.21. There, the appellate court properly reduced the judg-

ment to $132,403.76, since the judgment exceeded the amount sought in the pleadings. Here, the amount of the judgment is not in excess of the amount pled.

The issue presented is whether the trial court properly entered judgment on the jury's verdict. We, therefore, apply the general rule concerning construction of verdicts that the court will "construe a verdict liberally in an effort to ascertain the jury's intent, even though the intent may be inartfully expressed." *Hinton v. State Farm Mut. Auto. Ins. Co.*, 741 S.W.2d 696, 702 (Mo.App.W.D.1987). "Liberal regard should be given to the verdict so that the court may give it effect whenever possible." *Campbell v. Kelley*, 719 S.W.2d 769, 771 (Mo. banc 1986).

Here, the trial court found "that the verdict of the jury calling for interest was not interest per se, but a matter of damages as this was the amount of interest charged in the note in question and which the plaintiff did pay." We agree. The jury's verdict is clear and unambiguous; it stated that Simpson should receive $12,212.92 plus 13½% interest from November 7, 1983, to July 8, 1988. There is no need to resort to inference or construction to determine the exact dollar amount for the judgment. The judgment entered by the trial court is based upon what the jury actually found. The trial judge construed the verdict reasonably to give it the effect the jury intended. *See Morse v. Johnson*, 594 S.W.2d 610, 616 (Mo. banc 1980). We find no error.

In view of our holding, we do not reach Simpson's assertion that Mercantile waived any alleged defect in the verdict by failing to object when given the opportunity to do so. *Cf. Douglass v. Safire*, 712 S.W.2d 373, 374–375 (Mo. banc 1986); *Pleiman v. Belew*, 227 S.W.2d 733, 735 (Mo.Div. 1 1950).

The judgment is affirmed.

PUDLOWSKI, C.J., and CRANDALL, J., concur.